Marvin O. SANDERS, Appellant,

v.

Robert L. McCRADY, Individually and as Adjutant General of the State of South Carolina, et al., Appellees.

No. 75–1932.

United States Court of Appeals, Fourth Circuit.

Argued March 31, 1976.

Decided May 24, 1976.

Richard James Whitaker, Columbia, S. C., for appellant.

Wistar D. Stuckey, Asst. U. S. Atty., D. S. C., Richard B. Kale, Jr., Asst. Atty. Gen. of S. C., Columbia, S. C. (Mark W. Buyck, Jr., U. S. Atty., and Daniel R. McLeod, Atty. Gen. of S. C., Columbia, S. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

Marvin O. Sanders appeals the district court's dismissal of an action he brought against Robert L. McCrady, Adjutant General of the State of South Carolina, and various federal officials. He alleged that they had deprived him of federal constitutional and statutory rights by wrongfully convicting him of cheating on an examination and forcing him to resign his captain's commission in the South Carolina National Guard. The district court dismissed the

action because Sanders had failed to exhaust administrative remedies. We affirm.

The faculty board of an Army school Sanders attended found him guilty of cheating. As a result, he faced the loss of his "federal recognition" [1] as a member of the National Guard of the United States and the loss of his commission in the South Carolina National Guard. Sanders complained that the board had deprived him of procedural due process of law. He repeatedly protested his innocence and sought reconsideration. Pressed for funds, however, he resigned his commission and enlisted in the National Guard as a sergeant instead of challenging the board's decision through military administrative channels.[2] He then instituted this action, seeking reinstatement, expungement of the cheating episode from his records, an injunction against further proceedings unless he is accorded due process of law, back pay, damages, costs, and attorney's fees.

The district court dismissed Sanders' complaint because he had not applied to the Army Board for Correction of Military Records. The court pointed out that the board was empowered to grant all of the relief Sanders sought except monetary damages, attorney's fees, and costs.[3]

Sanders acknowledges that the board has authority to correct his records and that the adjutant general will reinstate him with back pay if the board believes he was improperly dismissed from school. He also recognizes the general rule that courts will not review military actions until administrative remedies have been exhausted. Nevertheless, he contends that this rule is inapplicable because a person is not required to exhaust administrative remedies before bringing suit against a state officer under § 1983. He also insists that he need not exhaust because the board's remedy is inadequate inasmuch as it lacks authority to award damages and attorney's fees.

■ In *Sherengos v. Seamans,* 449 F.2d 333 (4th Cir. 1971), we held that a former captain in the Air Force who had reenlisted as a sergeant was required to exhaust administrative remedies before complaining in federal court that improper entries on his evaluation reports had wrongfully resulted in his separation from the service.[4] Sanders' arguments present insufficient reasons for departing from the general rule we applied in *Sherengos.* The fact that the adjutant general is a state officer is immaterial. The basis of Sanders' claim is a deprivation of federal rights by federal officials. It was the federal faculty, not the state adjutant general, who initiated the action that ultimately led to Sanders' resignation of his commission. Therefore, *McNeese v. Board of Education,* 373 U.S. 668, 670–72, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963), *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and similar cases on which Sanders relies are inapposite. They hold that a litigant need not exhaust state remedies before bringing a § 1983 action against a state officer who has deprived him of rights secured by the Constitution and laws of the United States.

---

1. National Guard Regulation 600–100, Chapter 2, ¶ 2–2a provides that when an officer is federally recognized, he "shall be appointed a Reserve officer of the Army in the same grade in which he holds a federally recognized appointment in the Army National Guard . . ."

2. The adjutant general informed Sanders that he could challenge the withdrawal of his federal recognition under the procedure set forth in National Guard Regulation 635–101, § III, 15, which provides for a hearing to determine whether federal recognition should be withdrawn.

3. The Army Board for Correction of Military Records was created pursuant to 10 U.S.C.

§ 1552 and Army Regulation No. 15–185. It is composed of civilians who have the responsibility of correcting errors in military records and removing any injustices. It is not clear whether a correction of Sanders' records by the board would require the state adjutant general to reinstate him. The record reveals, however, that the adjutant general has stated that he would do so.

4. *Accord, Seepe v. Department of the Navy,* 518 F.2d 760 (6th Cir. 1975); *Hodges v. Callaway,* 499 F.2d 417 (5th Cir. 1974); *Sohm v. Fowler,* 124 U.S.App.D.C. 382, 365 F.2d 915 (1966); *but cf. Ogden v. Zuckert,* 111 U.S.App. D.C. 398, 298 F.2d 312 (1961).

These cases reflect the judgment that the advantages of exhaustion are outweighed by the importance of providing a federal forum for adjudication of federal constitutional and statutory rights. *See* McCormack, Federalism and Section 1983, 60 Va. L.Rev. 250 (1974). Requiring a litigant to present his federal complaint initially to a federal administrative board created by Congress to consider his claim is not a departure from this policy. Therefore, the adjutant general's status as a state official does not exempt Sanders from exhausting his federal administrative remedy.

The board's inability to grant Sanders full relief by awarding damages and attorney's fees is not a controlling factor in determining whether Sanders should resort to the board before seeking judicial relief. The adequacy of an administrative remedy is, of course, one of the factors courts consider in deciding whether the exhaustion rule should be applied. *See* Sherman, Judicial Review of Military Determinations and the Exhaustion of Remedies Requirement, 55 Va.L.Rev. 483 (1969). For example, we held in *United States ex rel. Brooks v. Clifford,* 412 F.2d 1137, 1139–41 (4th Cir. 1969), that a soldier need not exhaust administrative remedies before petitioning for a writ of habeas corpus on the ground that he is a conscientious objector. We found that Brooks' remedy before the Army Board for Correction of Military Records was inadequate because Brooks and others like him would ". . . be required to litigate administratively during a period of which each hour of each day they are required to engage in conduct inimical to their consciences or be subject to court martial, with the added risk that in the ordinary course of the operations of the military, they may be ordered to a duty even more offensive to them." 412 F.2d at 1141.

Sanders' interest in seeking judicial relief before exhausting his administrative remedies is substantially less than Brooks'. The only consequence of delay in his case is a postponement of his opportunity to obtain damages and fees. Considerations of efficiency and agency expertise underlie the exhaustion requirement, *see Schlesinger v. Councilman,* 420 U.S. 738, 756–57, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). These outweigh the inconvenience to Sanders caused by the board's limited powers.

The judgment of the district court is affirmed.