**LUKENS STEEL COMPANY**

v.

**Raymond J. DONOVAN, Secretary of Labor et al.**

**Civ. A. No. 80–4246.**

United States District Court, E. D. Pennsylvania.

March 30, 1981.

Robert M. Landis, Dechert, Price & Rhoads, Philadelphia, Pa., for plaintiff.

Marshall H. Harris, Regional Sol., Joan M. Roller, Dept. of Labor, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff, a manufacturer of steel and a government contractor, brought this action seeking preliminary and permanent relief from an administrative action commenced against it by the defendants on September 29, 1980. These same parties were before me in 1977 in a suit which resulted in a settlement (civil action no. 77–2039). Their disagreement over the meaning of and constitutional limitations upon executive order 11246 and accompanying regulations has led again to litigation.

The plaintiff's complaint is based upon a variety of alleged wrongful acts by the defendants associated with the administrative action. The plaintiff alleges that the practices upon which defendants purport to base the administrative complaint are the same practices specifically approved by the defendants at an earlier time.[1] The plaintiff also objects to the administrative action because it considers it to be duplicative of a private Title VII action now pending before another judge in this district. It is not disputed that the defendants have been assisting the Title VII plaintiffs and monitoring the progress of that case. The plaintiff's objection stems from its allegation that until May of 1979 it was the policy of the defendants' agency to defer filing administrative actions until the resolution of related private Title VII actions. Since then, according to the plaintiff, the defendants have reversed the policy with the result that the plaintiff is forced to defend the same practices in two different forums. Read in the light most favorable to the plaintiff, these claims amount to allegations of purposeful harassment which the plaintiff suggests is in retaliation for the plaintiff's prosecution of civil action no. 77–2039 referred to above. Plaintiff apparently contends that this harassment has risen to the level of a deprivation of due process.

In addition to alleging that the sole purpose of the administrative complaint is harassment, plaintiff also alleges that the rules and regulations which the defendants seek to enforce in the administrative action are unconstitutional. For example, the plaintiff contends that some of the regulations promulgated to implement executive order 11246 as interpreted and applied by the Office of Federal Contract Compliance Programs (OFCCP) are in conflict with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as interpreted by the Supreme Court in cases such as *Teamsters v. United States of America*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1976). The plaintiff contends that unless based upon a

specific grant from Congress, regulations issued by an executive agency cannot conflict with specific congressional legislation. Since there is no specific grant to support the regulations in this case, the plaintiff contends that OFCCP regulations are unconstitutional usurpation by the executive.

Finally, the plaintiff alleges that the relief the defendants seek before the administrative agency is constitutionally infirm. The plaintiff challenges the defendants' right to seek class-wide relief. The plaintiff contends that this will require it to pay compensation in situations in which it is not responsible for the injury found to exist.

■ The defendants have moved to dismiss the complaint for lack of jurisdiction. The defendants allege that this court lacks subject matter jurisdiction because, before bringing this action, the plaintiff failed to exhaust the available administrative remedies. Alternatively, the plaintiff moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure alleging that none of the four counts of the complaint state a cause of action upon which relief can be granted. The defendants have treated the exhaustion question as paramount, and I will turn to it momentarily. The Rule 12(b)(6) motion will be denied because the defendants have failed to demonstrate that the plaintiff can prove no facts which would entitle it to relief when the allegations of the complaint are read in a light most favorable to the plaintiff. C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 (1969).

■ Defendants' motion to dismiss for lack of jurisdiction must likewise be denied. Defendants' argument that this court lacks jurisdiction because the plaintiff did not exhaust administrative remedies is fundamentally flawed. *See Susquehanna Valley Alliance v. Three Mile Island*, 619 F.2d 231, 245 (3d Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 893, 66 L.Ed.2d 824 (1981). The doctrine of exhaustion of remedies is a

---

1. *Cf. Continental Can Co. v. Marshall*, 603 F.2d 590 (7th Cir. 1979), *cited with approval in Babcock & Wilcox Co. v. Marshall*, 610 F.2d 1128,

1138 n.34 (3d Cir. 1979) (refusal to apply collateral estoppel rendered repeated administrative actions violative of due process).

judge-made rule which does not bear upon subject matter jurisdiction.[2] *See id.; Babcock and Wilcox Co. v. Marshall,* 610 F.2d 1128, 1138 (3d Cir. 1979); Note, *Limiting Judicial Intervention In Ongoing Administrative Proceedings,* 129 U.Pa.L.Rev. 452 (1980).

 Although the doctrine does not rob this court of subject matter jurisdiction in this case, exhaustion remains a troubling prudential issue. The doctrine is "the universally recognized bar to a petitioner seeking equitable relief from agency action prior to the completion of administrative proceeding." *Id.* at 453 (footnote omitted). It provides that

"no one is entitled to judicial relief from a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Due largely to its genesis as an equitable principle, exercise of the exhaustion rule is ... a matter within a court's discretion and does not bear upon the court's jurisdiction.

*Id.* at 453–54 (footnotes omitted). In this circuit three specific circumstances have been recognized where a court should exercise its discretion not to require exhaustion: (1) "when the challenged agency action presents a *clear and unambiguous* violation of statutory or constitutional rights," (2) "when resort to administrative procedures is 'clearly shown to be inadequate to prevent irreparable injury,'" and (3) "when exhaustion is 'futile.'" *Susquehanna Valley Alliance v. Three Mile Island,* 619 F.2d at 231 (citations omitted). These exceptions are to be applied sparingly. Considerations of agency autonomy and judicial efficiency counsel against the interruption of ongoing administrative proceedings. *See McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Cerro Metal Products v. Marshall,* 620 F.2d 964, 970 (3d Cir. 1980). Nonetheless, our Court of Appeals has admonished that an analysis of whether

the judge-made rule requiring exhaustion of administrative remedies should be applied "is not likely to be thorough if it is attempted at the outset on a motion to dismiss under Rule 12." *Susquehanna Valley Alliance v. Three Mile Island,* 619 F.2d at 246.

 Reading the complaint in the light most favorable to the plaintiff, each of the exceptions recognized in this circuit arguably applies. The issues of whether the agency action is clearly contrary to law, whether the administrative remedy is inadequate and whether delay will cause the plaintiff irreparable harm cannot be decided on this record. Therefore, I reserve my ruling on whether for prudential reasons the plaintiff should be required to exhaust administrative remedies.

 The plaintiff's complaint alleged that the agency's decision to file an administrative complaint was reviewable as "final agency action" within the meaning of section 701 of the Administrative Procedures Act (APA), 5 U.S.C. §§ 701–704. The Supreme Court's decision in *FTC v. Standard Oil Co.,* —— U.S. ——, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980) held that the decision to institute an administrative action is not final agency action within the meaning of APA. *Id.* at ——, 101 S.Ct. at 492. The *FTC* case disposes of plaintiff's reliance upon the APA to establish a right of review; however, it does not dispose of the plaintiff's claims seeking to enjoin allegedly unconstitutional acts. There is no indication in the *FTC* opinion that Standard Oil sued to enjoin unconstitutional actions. Absent those kinds of allegations, *FTC* cannot be read to interpret the "final agency action" standard of the APA as a general limitation upon federal question jurisdiction. *Cf.* Note, *supra,* at 467–78.

For the reasons stated above the defendants' motion to dismiss will be denied. I reserve my ruling on whether exhaustion is

---

**2.** The *Susquehanna Valley* court explained that exhaustion should not be confused with *congressional* enactments which can limit subject matter jurisdiction such as when congressional legislation "relegate[s] some matters to the ex-

clusive jurisdiction of an administrative agency" and "prohibit[s] private enforcement of federal statutes." 619 F.2d at 245. There is no such congressional dictate in this case.

appropriate here until the record has been developed by the parties.