Betty **BEAL** and Rosa Hazelton, Petitioners,

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION,** Respondent.

No. 83–444.

District of Columbia Court of Appeals.

Argued Feb. 29, 1984.

Decided April 9, 1984.

---

Frank E. Howard, Washington, D.C., for petitioners.

Michele M. Giuliani, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for respondent.

Before KERN, BELSON and TERRY, Associate Judges.

PER CURIAM:

Tenant petitioners seek review of the District of Columbia Rental Housing Commission's order denying their motion for reconsideration of an RHC decision. Because petitioners failed to exhaust their administrative remedies, we dismiss the petition.

We need describe only the initial stages of the complex proceedings that led to this appeal. In October 1979, the petitioners' landlord filed a hardship petition with the Rental Accommodations Office, alleging that he was not making sufficient return on the rental property. On December 4, 1980, the Rent Administrator granted the landlord's hardship petition. The Rent Administrator's ruling set forth that the tenants could appeal the ruling to the Rental Accommodations Commission, but that they had to file notice of appeal by December 17, 13 days after the rendering of the decision. The tenants filed the notice of appeal on December 18. They attached a motion to file notice of appeal late. On January 8, 1981, the RAC denied the motion to file late, and dismissed the appeal as untimely. Various motions, hearings, and decisions, irrelevant for our purposes, followed this dismissal.

A petitioner's failure to exhaust administrative remedies before requesting court review deprives this court of jurisdiction of the petition. *Malcolm Price, Inc. v. District Unemployment Compensation Board*, 350 A.2d 730 (D.C.1976). In *Malcolm Price*, the petitioner failed to appeal the hearing examiner's decision to the agency. We dismissed the petition for review for want of jurisdiction.

In the instant case, petitioners filed an appeal with the RAC, but they filed it after the deadline. The Rental Housing Act of 1977 was in effect in December 1980 and January 1981. D.C.Code §§ 45–1681 to 1699.27 (Supp. VII 1980) (termination date was extended from Sept. 30, 1980, to Apr. 30, 1981, 27 D.C.Reg. 3758 (Aug. 29, 1980) (amending D.C.Code § 45–1699.27)). Section 1695(g) of that Act required parties aggrieved by a Rent Administrator's decision to file a notice of appeal with the Rental Accommodations Commission within 10 days of the Rent Administrator's decision. RAC regulations in effect at that time added 3 more days to the filing time if the decision was mailed. *Regulations of the District of Columbia Rental Accommodations Commission* § 203(f)(2), 25 D.C.Reg. 2653 (Sept. 22, 1978). The decision of the Rent Administrator in the case at hand was mailed to the parties. The Rent Administrator thus correctly set the deadline for the internal appeal of her December 4, 1980, order at December 17, 1980.

Petitioners filed their notice of appeal on December 18, 1980. While regulations provided that the RAC could extend the deadline for good cause shown, *Regulations, supra*, § 203(f)(3), the Commission did not do so here.[1] It was not compelled to ex-

**1.** In dismissing the petitioners' appeal as late, the RHC cited § 5.20 of the regulations promulgated under the Rental Accommodations Act of 1975. Section 5.20 required aggrieved parties to file an appeal from the Rent Administrator's decisions with the RAC within 13 days, including 3 for service by mail. *Notice of Adoption of Amended Regulations* § 5.20, 24 D.C.Reg. 3589

tend the filing time. Because they filed late, petitioners failed to exhaust the administrative procedures available to them. This court, therefore, cannot consider the instant appeal from a decision of the RAC rendered at a later stage of the same proceedings.[2]

*Petition for review dismissed.*

(Nov. 4, 1977). The regulations promulgated under the Rental Housing Act of 1977 were supposed to apply to all matters raised after September 9, 1978, the date the regulations came into force. *Regulations of the District of Columbia Rental Accommodations Comm'n* § 101(a), 25 D.C.Reg. 2642 (Sept. 22, 1978). Because the filing deadlines were the same under the 1975 and 1977 laws, the RAC's citation of an outdated rule had no prejudicial effect and so does not affect our analysis.

2. Although we do not reach the merits of petitioners' arguments that the administrative proceedings were so conducted as to deprive petitioners of procedural due process, we have reviewed those arguments and find them unpersuasive.