Leon BARNETT, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SERVICES, Respondent.**

No. 83–1340.

District of Columbia Court of Appeals.

Argued Nov. 26, 1984.

Decided May 8, 1985.

Stephanie Forester, Washington, D.C., for petitioner.

Michael A. Milwee, Washington, D.C., for respondent.

Before MACK and TERRY, Associate Judges, and PAIR, Associate Judge, Retired.

MACK, Associate Judge:

On April 30, 1983, petitioner Leon Barnett was discharged from his position as a correctional officer with the District of Columbia Department of Corrections, a position he had held for two and a half years. The Department discharged him because it discovered that he had been convicted of a felony and had not included that information in his January 22, 1980, employment application.[1] Barnett, however, was not obligated to set forth on that application any convictions that had been expunged,[2]

---

1. In a Notice of Proposed Discharge, dated January 28, 1983, James Freeman, Assistant Director for Correctional Services, informed Barnett that he would be discharged because (1) he used fraud in securing employment, and falsified official documents, and (2) he was a convicted felon.

2. The following questions were included in the application form (SF 171):

30A. Have you *ever* been convicted ... for *any* felony....

30B. During the past seven years have you been convicted, imprisoned, on probation or parole....

NOTE: When answering A and B above, you may omit ... (3) any conviction the record of

and Barnett did not reveal the conviction in question because he understood that it had been expunged in 1976. Although the conviction should have been expunged automatically under a specific provision of the Federal Youth Corrections Act,[3] federal government officials had never acted, and therefore Barnett's statements on his application were not factually correct. When Barnett discovered that his record had not been expunged, he attempted to locate the lawyer who had represented him in 1973, but was unsuccessful, because the lawyer had moved out of this jurisdiction. Unaware that he had been sentenced under the Youth Corrections Act, Barnett did not pursue the matter further, concluding that his lawyer had "lied to him" when he stated that Barnett's record would automatically be expunged.

Barnett filed for unemployment benefits on May 5, 1983. On May 16 a claims deputy determined that he was ineligible for benefits because he had been discharged for "misconduct," D.C.Code § 46–111(b) (Supp.1984). He appealed this decision, and a hearing was held by an appeals examiner on May 20. On July 8, 1983, the appeals examiner affirmed the decision of the claims deputy, finding that Barnett had been dismissed because he had falsified his

job application. Barnett did not seek further administrative review of this decision, as he was entitled to do under agency regulations promulgated pursuant to D.C. Code § 46–112(e) (1981), see 18 DCRR § 4610 (1983), nor did he seek judicial review at that point.

Following the expiration of the 10-day period for second-level appeals to the Office of Appeals and Review, see 18 DCRR § 4610.2 (1983), Barnett discovered that he was in fact entitled to expungement. He filed a motion with his sentencing judge to correct his conviction records, and Federal District Judge Howard Corcoran acted upon this motion on October 28, 1983, expunging the conviction nunc pro tunc to May 21, 1976.

 On November 13, 1983, Barnett filed a petition for reconsideration of the adverse unemployment benefits decision with the Office of Appeals and Review (OAR), based on the new information. On November 18, 1983, the agency dismissed his petition as untimely filed. The OAR also stated that its dismissal constituted a "final decision" of the agency and that Barnett could seek review of that decision from this court.[4] By statute, this court is

---

which has been expunged under Federal or State law; (4) any conviction set aside under the Federal Youth Corrections Act or similar State authority.
Barnett answered "no" to both 30A and 30B.

3. Barnett was indicted in 1971 for violations of the federal narcotics laws, and he entered a plea of guilty to the charges on April 16, 1973. He was sentenced to probation under the Federal Youth Corrections Act, 18 U.S.C. § 5010 (repealed 1984), and the Act provided for automatic expungement of records of conviction following unconditional release from probation, 18 U.S.C. § 5021(a) (repealed 1984). Barnett successfully completed his probationary term on May 21, 1976, and at that point his conviction should have been expunged by federal authorities.

4. The agency has the discretion to define the term "final decision," and by its action or inaction it may be deemed to have waived the defense that administrative remedies have not been fully exhausted because no "final decision" was rendered. See Weinberger v. Salfi, 422 U.S.

749, 766–67, 95 S.Ct. 2457, 2467–68, 45 L.Ed.2d 522 (1975) (finding implicit determination by Department of Health & Human Services that it had reached a "final decision" by agency's failure to challenge claimant's allegation of full exhaustion); Mathews v. Diaz, 426 U.S. 67, 76–77, 96 S.Ct. 1883, 1889–1890, 48 L.Ed.2d 478 (1976) (agency stipulation that only issue in case was one of constitutionality of statute worked a waiver of exhaustion defense, since agency had no authority to make determination of constitutionality); Mathews v. Eldridge, 424 U.S. 319, 330–32, 96 S.Ct. 893, 900–01, 47 L.Ed.2d 18 (1976) (rejecting exhaustion defense and proceeding to merits on grounds that agency had improperly defined term "final decision"); Nordell v. Heckler, 242 U.S.App.D.C. 25, ——, 749 F.2d 47, 48–49 (1984) (where agency letter to claimant denying reconsideration identified agency action as "final decision," held that agency had implicitly superseded original "final decision" for purposes of timeliness of court review); Herron v. Heckler, 576 F.Supp. 218, 227 (N.D.Cal.1983) (despite incomplete compliance with full administrative procedures specified in

given jurisdiction over "decision[s] of the Board," *i.e.*, of the Department of Employment Services,[5] D.C.Code § 46-113 (1981). Barnett filed a timely appeal from the OAR's determination.[6]

The Department of Employment Services (DOES) now argues that this court has no jurisdiction over the appeal, because Barnett failed to exhaust all of his administrative remedies in a timely fashion prior to his appeal to this court. DOES maintains that Barnett's procedural default warrants our dismissal of the petition. We disagree, finding extraordinary circumstances in this case justifying a departure from the normal rule of full exhaustion of administrative remedies as a prerequisite to judicial review. Upon a review of the record, we find no "misconduct" by Barnett within the meaning of the Unemployment Compensation Act, D.C.Code § 46-111(b) (Supp.1984), and we therefore reverse the decision of the agency.

## I.

DOES contends that the three levels of administrative review incorporated within the Unemployment Compensation Act and accompanying regulations—determinations by a claims deputy, an appeals examiner, and the Office of Appeals and Review—are "jurisdictional"; in other words, that this court has no jurisdiction to review the merits of a petition by a claimant who has failed to pursue all three levels of review in a timely fashion.

It is true that we have held that the appeals periods for intra-agency reviews are "jurisdictional," in the sense that the agency may decline to review any petition that is not filed in a timely fashion. *Gosch v. District of Columbia Department of Employment Services*, 484 A.2d 956, 958 (D.C.1984); *Worrell v. District Unemployment Compensation Board*, 382 A.2d 1036, 1038 (D.C.1978); *Gaskins v. District Unemployment Compensation Board*, 315 A.2d 567, 568 (D.C.1974). We have never held, however, that this court has no jurisdiction over a petition by a claimant who has failed to take a timely administrative appeal. We have described the Unemployment Act's three levels of administrative review as an "exhaustion of administrative remedies" requirement, which nor-

---

Social Security Act, Secretary of Health & Human Services waived exhaustion defense by admitting that no further administrative review was available to claimant, and therefore implicitly admitting that administrative decision was "final"); *Greenberg v. Bolger*, 497 F.Supp. 756, 772 (E.D.N.Y.1980) (agency action may waive exhaustion defense). We therefore hold that by mailing a notice to Barnett stating that the November 18, 1983, determination by the Office of Appeals and Review was a "final decision" by the agency, and that Barnett had the right to judicial review of that decision, the agency has waived any defense that due to Barnett's procedural default, no final decision, reviewable by this court, was ever rendered in his case. The agency's brief may also be interpreted to argue that since Barnett did not appeal the appeals examiner's decision within the requisite 10-day period to the OAR, that decision became the "decision of the Board," which is "final for all purposes" under D.C.Code § 46-112(e) (1981); and that since Barnett did not appeal in a timely manner from that "final decision" to this court, we have no jurisdiction over the case. We hold that the notice to Barnett following his motion for reconsideration, informing him that the denial of reconsideration was an appealable "final

decision" of the agency, worked a waiver of any defense of this nature as well.

5. The Department of Employment Services assumed the functions of the old District of Columbia Unemployment Compensation Board, by Reorganization Plan No. 1 of 1980, part V (effective April 17, 1980).

6. D.C.App.R. 15(a) now provides that petitions for review of agency decisions must be filed "within thirty days after notice is given" to the claimant of the decision (unless an applicable statute provides a different time for filing, not the case here). New Rule 15(a) supersedes the Department of Employment Services' regulation that allows only 15 days for appeals to this court of final agency decisions, *see* 18 DCRR § 4611.2 (1983). Section 4611.2 was based on former D.C.App.R. 15(b), which set forth a 15-day appeals period. Former Rule 15(b) was in effect at the time Barnett filed his appeal with this court, and Barnett did file his appeal within 15 days of the Office of Appeals and Review determination. D.C.App.R. 15 is promulgated pursuant to D.C.Code § 17-307(a) (1981) (time for appeal from agency decisions may be set by this court by rule).

mally will bar our consideration of a claim not presented to all three levels of the agency. *Malcolm Price, Inc. v. District Unemployment Compensation Board,* 350 A.2d 730, 733 (D.C.1976).

■ Exhaustion requirements, whether incorporated within an agency statute, or created by judicial rule, are " 'rule[s] of judicial administration.' " *Id.* at 733 (citing *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938)). Regular application of the principle that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted," *Myers,* 303 U.S. at 50–51, 58 S.Ct. at 463–464, serves to promote judicial efficiency by ensuring the development of a proper factual record for our review, and allows us to benefit by the application of agency expertise to the problem at hand. *Malcolm Price,* 350 A.2d at 733. In addition, recourse to the administrative process may afford complete relief and thus eliminate the need for any judicial involvement; and by pursuing all administrative avenues for relief the claimant affords the agency an opportunity to correct its own mistakes, mooting judicial controversies and eliminating the need for judicial intervention. *Moore v. City of East Cleveland,* 431 U.S. 494, 525, 97 S.Ct. 1932, 1948, 52 L.Ed.2d 531 (1977) (Burger, C.J., dissenting); *Parisi v. Davidson,* 405 U.S. 34, 37, 92 S.Ct. 815, 817, 31 L.Ed.2d 17 (1972).[7]

Undoubtedly, therefore, in most cases, the failure to note a timely appeal at the administrative level should foreclose both administrative and judicial review of the claim. *Seefeldt v. Board of Trustees of the University of the District of Columbia,* 487 F.Supp. 230, 233 (D.D.C.1979).

■ The exhaustion rule, however, is not carved in stone. The rule has its origins, according to Professor Jaffe, in " 'a discretionary rule adopted by courts of equity to the effect that a petitioner will be denied equitable relief when he has failed to pursue an available administrative remedy by which he might obtain the same relief.' " L. JAFFE, JUDICIAL CONTROL OF ADMINISTRATIVE ACTION 425 (1965) (quoting *Smith v. United States,* 199 F.2d 377, 381 (1st Cir. 1952)). When faced with a claim in a Title VII context that equity required that the exhaustion rule be waived, the Supreme Court recanted prior references to the statutory administrative prerequisites to a Title VII suit as "jurisdictional," holding that the exhaustion rule is analogous to a statute of limitations, and is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393–95, 397, 102 S.Ct. 1127, 1132–33, 1134, 71 L.Ed.2d 234 (1982). Most courts that have considered the issue, in a variety of administrative contexts, follow the analysis of *Zipes* and hold that exhaustion requirements are not "jurisdictional" at the level of judicial review.[8] This court has af-

---

7. *See generally McGee v. United States,* 402 U.S. 479, 484–85, 91 S.Ct. 1565, 1568–69, 29 L.Ed.2d 47 (1971); *McKart v. United States,* 395 U.S. 185, 193–95, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969); *Andrade v. Lauer,* 234 U.S.App.D.C. 384, 393, 729 F.2d 1475, 1484 (1984); *Committee for GI Rights v. Callaway,* 171 U.S.App.D.C. 73, 81, 518 F.2d 466, 474 (1975); *Power Plant Division, Brown & Root, Inc. v. Occupational Safety & Health Review Comm'n,* 673 F.2d 111, 113–14 (5th Cir.1982).

8. *See, e.g., Andrade, supra* note 7, 234 U.S.App. D.C. at 393, 729 F.2d at 1484; *Kennedy v. Whitehurst,* 223 U.S.App.D.C. 228, 238, 690 F.2d 951, 961 (1982); *Hayes v. Secretary of Defense,* 169 U.S.App.D.C. 209, 216, 515 F.2d 668, 675 (1975); *Goodrich v. United States Dep't of the Navy,* 686 F.2d 169, 177 (3d Cir.1982); *Sanders v. McCra-*

dy, 537 F.2d 1199, 1201 (4th Cir.1976); *Dougherty County School Sys. v. Bell,* 694 F.2d 78, 80 (5th Cir.1982); *Haitian Refugee Center v. Smith,* 676 F.2d 1023, 1034 (5th Cir. Unit B 1982); *Shawnee Coal Co. v. Andrus,* 661 F.2d 1083, 1093 (6th Cir.1981); *Continental Can Co., USA v. Marshall,* 603 F.2d 590, 597 (7th Cir.1979); *Arkla Exploration Co. v. Texas Oil & Gas Corp.,* 734 F.2d 347, 355 (8th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 905, 83 L.Ed.2d 920 (1985); *State of South Dakota v. Andrus,* 614 F.2d 1190, 1192 n. 1 (8th Cir.), *cert. denied,* 449 U.S. 822, 101 S.Ct. 80, 66 L.Ed.2d 24 (1980); *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857, 859 (10th Cir.1983); *Rocky Mountain Oil & Gas Ass'n v. Watt,* 696 F.2d 734, 743 n. 12 (10th Cir.1982); *Jean v. Nelson,* 727 F.2d 957, 980 (11th Cir.), *cert. granted,* —— U.S. ——, 105 S.Ct. 563, 83 L.Ed.2d 504 (1984); *Gwinn Area Com-*

firmed the principle that there are circumstances in which a court of equity is justified in considering the merits of an administrative action, notwithstanding the petitioner's failure to exhaust administrative remedies. *Capitol Hill Restoration Society v. Zoning Commission,* 287 A.2d 101, 106 (D.C.1972). We now adopt and apply that principle to unemployment compensation appeals.[9]

■ Where, as in this case, the statute demonstrates Congress' intent to require administrative determination in advance of judicial consideration of a claim, the claimant must make a "strong showing" of compelling circumstances justifying equity's intervention in order to persuade us to excuse a failure to exhaust and examine the claim's merits. *Aircraft & Diesel Equipment Corp. v. Hirsch,* 331 U.S. 752, 773–74, 67 S.Ct. 1493, 1503–04, 91 L.Ed. 1796 (1947); *see Republic Industries, Inc. v. Central Pennsylvania Teamsters Pension Fund,* 693 F.2d 290, 294 (3d Cir.1982) (where statute mandates exhaustion, only in "extraordinary circumstances" should courts excuse claimant's failure to exhaust).

■ It is inappropriate for us, at this point, to attempt to define all of the circumstances in which exhaustion might be excused. We are content to hold that, on the facts presented in this case, the claimant

has demonstrated "compelling circumstances," *see Moore v. City of East Cleveland, supra,* 431 U.S. at 524, 97 S.Ct. at 1948 (Burger, C.J., dissenting), justifying our review of his petition on the merits. Because Barnett was not able to secure a court order expunging his records until after all administrative deadlines had passed, he was unable to present his claim in its present form to the agency. The court order was new information extremely pertinent to Barnett's claim, but unavailable to the agency at the time it made its decision. "Discovery of a new basis for objection to agency action presents a classic case for excusal of a failure to raise that issue before the agency." *Etelson v. Office of Personnel Management,* 221 U.S.App.D.C. 396, 402, 684 F.2d 918, 924 (1982); *see NLRB v. Jones & Laughlin Steel Corp.,* 331 U.S. 416, 428, 67 S.Ct. 1274, 1281, 91 L.Ed. 1575 (1947) ("[w]hen circumstances do arise after the Board's order has been issued which may affect the propriety of enforcement of the order, the reviewing court has discretion to decide the matter itself"); *White Mountain Broadcasting Co. v. FCC,* 194 U.S.App.D.C. 355, 359, 598 F.2d 274, 278 (when claimant's court appeal "is based primarily upon a determination made after the instant controversy had run its administrative course, it is appropriate for the court to consider the issue"), *cert.*

*munity Schools v. Michigan,* 574 F.Supp. 736, 745 (W.D.Mich.1983), *aff'd in part, rev'd on other grounds in part,* 741 F.2d 840 (6th Cir.1984); *Lukens Steel Co. v. Donovan,* 511 F.Supp. 463, 466 (E.D.Pa.1981); *Dow Chemical, USA v. Consumer Prods. Safety Comm'n,* 459 F.Supp. 378, 389 (W.D.La.1978); *Fort Sumter Tours, Inc. v. Andrus,* 440 F.Supp. 914, 920 (D.S.C.), *aff'd,* 564 F.2d 1119 (4th Cir.1977). *See also NLRB v. Industrial Union of Marine & Shipbuilding Workers,* 391 U.S. 418, 426 n. 8, 88 S.Ct. 1717, 1723 n. 8, 20 L.Ed.2d 706 (1968) ("The requirement of exhaustion is a matter within the sound discretion of the courts."); *United States v. Abilene & Southern Ry.,* 265 U.S. 274, 282, 44 S.Ct. 565, 567, 68 L.Ed. 1016 (1924) (court of equity has jurisdiction over suit despite failure to exhaust).

9. In another context, we have described a failure to exhaust administrative remedies as "de-

priv[ing] this court of jurisdiction of the petition." *Beal v. District of Columbia Rental Housing Comm'n,* 474 A.2d 829, 830 (D.C.1984). No question of waiver, estoppel, or equitable tolling was presented, in *Beal,* however, and like the Supreme Court in *Zipes, supra,* we conclude that this language is dictum in light of the fact that "the legal character of the requirement was not at issue," 455 U.S. at 395, 102 S.Ct. at 1133; *see Bethel v. Jefferson,* 191 U.S.App.D.C. 108, 118–19 n. 64, 589 F.2d 631, 641–42 n. 64 (1978) (circuit court refuses to be bound by previous references to administrative requirements as "jurisdictional," construing them as analogous to statutes of limitation). The court in *Beal* relied on *Malcolm Price, supra,* in support of its conclusion that the exhaustion requirement is "jurisdictional." As discussed above, however, the opinion in *Malcolm Price* contains no reference to "jurisdiction."

*denied,* 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979).

■ It would not advance the policy behind the exhaustion rule to require Barnett, as a prerequisite to our review of his claim, to have appealed the decision of the appeals examiner to the Office of Appeals and Review prior to securing the court order of expungement; judicial economy is not served by requiring a claimant " 'to go through obviously useless motions in order to preserve [his] rights.' " *Bendure v. United States,* 213 Ct.Cl. 633, 641, 554 F.2d 427, 431 (1977) (quoting *Walsh v. United States,* 151 Ct.Cl. 507, 511 (1960), *cert. denied,* 365 U.S. 880, 81 S.Ct. 1029, 6 L.Ed.2d 191 (1961)).[10] In addition, a major premise of the exhaustion rule is that the claimant enjoyed a fair opportunity to exhaust his administrative remedies.[11] But the agency rule that all petitions for reconsideration based on new information must be filed within ten days of the date of the agency's decision, 18 DCRR §§ 4610.2, 4610.3 (1983), cannot be said to afford such a "fair opportunity" to claimants like Barnett, who for reasons beyond their control are unable to secure relevant new information within this restricted time period. In the exceptional case where a "fair opportunity" has been denied, relaxation of the exhaustion rule may be proper.[12]

■ Moreover, where circumstances beyond the control of the applicant prevent him from exhausting his administrative remedies, like the federal government's error in this case in failing to expunge Barnett's criminal record, lack of exhaustion may be excused. *See Donato v. United States,* 302 F.2d 468, 469–70 (9th Cir.1962) (where claimant alleged that he was summoned to firefighting duty before he had

10. *See also Glover v. St. Louis-San Francisco Ry.,* 393 U.S. 324, 330, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969); *Moore v. City of East Cleveland, supra,* 431 U.S. at 526, 97 S.Ct. at 1949 (Burger, C.J., dissenting) ("if administrative authority fails to afford relief, further exhaustion is pointless and judicial relief may be available"); *Continental Can Co., supra* note 8, 603 F.2d at 597; *Hayes, supra* note 8, 169 U.S.App.D.C. at 215, 515 F.2d at 674; *American Fed'n of Gov't Employees v. Acree,* 155 U.S.App.D.C. 20, 23, 475 F.2d 1289, 1292 (1973); *Lodge 1858, Am. Fed'n of Gov't Employees v. Paine,* 141 U.S.App.D.C. 152, 166, 436 F.2d 882, 896 (1970); *Luggage & Leather Goods Mfrs. of Am., Inc. v. United States,* 588 F.Supp. 1413, 1421 (CIT 1984); *Rhone Poulenc, S.A. v. United States,* 583 F.Supp. 607, 610 (CIT 1984); *Texaco, Inc. v. Department of Energy,* 490 F.Supp. 874, 886 (D.Del.1980); *Parkview Corp. v. Department of Army Corps of Eng'rs, Chicago Dist.,* 490 F.Supp. 1278, 1282 (E.D.Wis.1980).

11. *See Humana of S.C., Inc. v. Califano,* 191 U.S.App.D.C. 368, 379, 590 F.2d 1070, 1081 (1978); *Wallace v. Lynn,* 165 U.S.App.D.C. 363, 367, 507 F.2d 1186, 1190 (1974); *Lodge 1858, supra* note 10, 141 U.S.App.D.C. at 166, 436 F.2d at 896; *Craycroft v. Ferrall,* 408 F.2d 587, 595 (9th Cir.1969), *vacated & remanded on other grounds,* 397 U.S. 335, 90 S.Ct. 1152, 25 L.Ed.2d 351 (1970).

12. *See NLRB v. Industrial Union, supra* note 8, 391 U.S. at 426 n. 8, 88 S.Ct. at 1723 n. 8; *Greene v. United States,* 376 U.S. 149, 163, 84 S.Ct. 615, 623, 11 L.Ed.2d 576 (1964); *Union Pacific R.R. Co. v. Board of Comm'rs of Weld County,* 247 U.S. 282, 287, 38 S.Ct. 510, 513, 62 L.Ed. 1110 (1918); *Wilson v. Marana Unified School Dist. No. 6 of Pima County,* 735 F.2d 1178, 1181 (9th Cir.1984); *Goar v. Civiletti,* 688 F.2d 27, 28–29 (6th Cir.1982); *In re J.R. Simplot Co.,* 640 F.2d 1134, 1137 (9th Cir.1981), *cert. denied,* 455 U.S. 939, 102 S.Ct. 1430, 71 L.Ed.2d 649 (1982); *Continental Can Co., supra* note 8, 603 F.2d at 597; *Sanders, supra* note 8, 537 F.2d at 1201; *Marte v. INS,* 562 F.Supp. 92, 94 (S.D.N.Y.1983); *Wrenn v. Kansas,* 561 F.Supp. 1216, 1222 (D.Kan.1983); *United States v. Glens Falls Ins. Co.,* 534 F.Supp. 109, 112 (N.D.N.Y.1981); *Virginia Chapter, Assoc. Gen. Contractors of Am., Inc. v. Kreps,* 444 F.Supp. 1167, 1180 (W.D.Va. 1978).

*See also Athas v. United States,* 220 Ct.Cl. 96, 103, 597 F.2d 722, 725 (1979) (lack of exhaustion excused where government officer failed to apprise claimants correctly of their appeal rights); *Goodrich, supra* note 8, 686 F.2d at 177 (where claimant was denied information necessary to prosecute appeal, exhaustion requirement is waived). Although "[i]gnorance on the part of the uninitiated is a factor to consider in deciding whether such person has failed to exhaust administrative remedies," *Henry v. Schlesinger,* 407 F.Supp. 1179, 1185 (E.D.Pa.1976); *see United States v. Newmann,* 478 F.2d 829, 831 (8th Cir.1973), it is also true that "one cannot render an available remedy inadequate by not invoking it in a timely manner; or, by voluntarily foregoing it." *Jamison v. Stetson,* 471 F.Supp. 48, 54 (N.D.N.Y.1978).

chance to file intended appeal, court remands to district court for factfinding on "question whether, under all of the circumstances of this case, a relaxation of the exhaustion of remedies rule would be just and proper"), *cert. denied*, 374 U.S. 828, 83 S.Ct. 1868, 10 L.Ed.2d 1052 (1963). In making this determination, the intent of the claimant is the key factor; *compare Jennings v. Gilbertson*, 74 A.2d 839, 841 (D.C. 1950) (failure to exhaust not excused where "petitioner offers no reason at all for his failure to seek a[n intra-agency] review"); *McGee, supra* note 7, 402 U.S. at 491, 91 S.Ct. at 1572 (failure to exhaust not excused where petitioner's "failure to pursue his administrative remedies was deliberate and without excuse").

Also weighing in favor of review is the fact that petitioner's procedural default occurred after the agency had been afforded an opportunity to create a factual record, *McGee, supra* note 7, 402 U.S. at 485, 91 S.Ct. at 1569; no interest of the agency in making a record, therefore, would be contravened by our determination of this case on the merits. In addition, because the agency has declined to reopen Barnett's case, and the administrative process therefore has come to a halt, our review does not threaten to disrupt any ongoing administrative proceeding, nor would it invade the field of agency expertise or discretion. *See Athlone Industries, Inc. v. Consumer Products Safety Commission*, 228 U.S. App.D.C. 80, 84, 707 F.2d 1485, 1489 (1983). Significantly, the agency was given an opportunity, through Barnett's November, 1983, petition for reconsideration, to correct its error in barring benefits on the basis of "misconduct"; where, as here, the agency declined to review its decision, deciding that it had no discretion to consider the new information and award the requested relief, it may be deemed to have

waived the defense of lack of exhaustion. *See Greenberg, supra* note 4, 497 F.Supp. at 772; *see also United States v. Newmann, supra* note 12, 478 F.2d at 831 (no agency interest in self-correction where agency refused repeated requests to reopen file for correction; lack of exhaustion excused).

Finally, while we recognize the desirability of the general practice under which our court declines to consider the merits of cases in which the petitioner has not fully exhausted his opportunities for administrative review, nevertheless we should not "lose sight of the fact that such appellate practice should not be applied where the obvious result would be a plain miscarriage of justice." *Hormel v. Helvering*, 312 U.S. 552, 558, 61 S.Ct. 719, 722, 85 L.Ed. 1037 (1941).[13] We must also be mindful of the remedial nature of the Unemployment Compensation Act, and of the fact that "resort to technicalities to foreclose recourse to ... judicial processes is 'particularly inappropriate,'" *Bethel, supra* note 9, 191 U.S.App.D.C. at 119, 589 F.2d at 642 (quoting *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)), especially "in a statutory scheme [like this one] in which laymen, unassisted by trained lawyers, initiate the process." *Love*, 404 U.S. at 527, 92 S.Ct. at 619.[14]

In summary, we hold that the exhaustion of administrative remedies requirement incorporated within the Unemployment Compensation Act is not jurisdictional, and that equity may permit us to relax the requirement in exceptional cases. This is such a case, for the federal government's error, combined with the delay in securing a court order of expungement, are "compelling circumstances" excusing Barnett's failure to take a timely administrative appeal and justifying our review of the case on the merits.

13. *See also Athlone Industries, supra*, 228 U.S. App.D.C. at 84, 707 F.2d at 1489; *Bendure v. United States, supra*, 213 Ct.Cl. at 640, 554 F.2d at 431.

14. *See also Zipes, supra*, 455 U.S. at 397, 102 S.Ct. at 1134; *Nordell, supra* note 4, 242 U.S.App. D.C. at ——, 749 F.2d at 49; *Laffey v. Northwest Airlines, Inc.*, 185 U.S.App.D.C. 322, 368, 567 F.2d 429, 475 (1976), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978).

## II.

 Upon a review of the augmented record, we find the agency's determination that Barnett had obtained his employment with the D.C. Department of Corrections by fraudulent means, and that this "misconduct" justified denial of benefits under the Unemployment Compensation Act, to be in error. *See* D.C.Code § 1–1510(a) (1981). Pursuant to D.C.Code § 17–306 (1981), we reverse the decision of the appeals examiner, and remand to the agency for the calculation and award of benefits to petitioner.

*Reversed and remanded.*

TERRY, Associate Judge, concurring:

I join fully in Judge Mack's well-wrought opinion. I add these few words merely to emphasize that in ruling as we do in this case, we are not opening the floodgates to careless litigants who sleep on their rights and fail to exhaust their administrative remedies.

The numerous cases which allow the exhaustion requirement to be relaxed all speak in terms of "exceptional," "extraor-dinary," or "compelling" circumstances. I would require a clear showing by the aggrieved litigant that such circumstances not only are present but are totally beyond the litigant's control. Failing that, the litigant should demonstrate that there would be a "plain miscarriage of justice"[1] if the exhaustion rule were enforced. Because this case meets both of these requirements, I agree with my colleagues that petitioner's failure to exhaust his administrative remedies should not bar him from access to the courts. I also agree, however, that this is a very unusual case, and thus our willingness to grant relief to this petitioner, in these special circumstances, should not be seen as flinging open the courthouse door to all who might wish to come in. In the vast majority of cases, we will still insist that administrative remedies be exhausted before we grant judicial review.

---

1. *Hormel v. Helvering,* 312 U.S. 552, 558, 61 S.Ct. 719, 722, 85 L.Ed. 1037 (1941).