David C. **ROBERTS**, Plaintiff,

v.

**DISTRICT OF COLUMBIA DEPT. OF CORRECTIONS, Teamsters Union Local 1714, and Ira F. Jaffe, Defendants.**

**Civ. A. No. 94–434 SS.**

United States District Court, District of Columbia.

June 16, 1994.

---

418

David C. Roberts, pro se.

Richard Stuart Love, Office of Corp. Counsel, D.C., Washington, DC, for District of Columbia Dept. of Corrections.

Michael R. Lewis, Guerrieri, Edmond & James, P.C., Washington, DC, for Teamsters Union Local 1714.

*Memorandum Opinion and Order*

SPORKIN, District Judge.

This case comes before the Court on defendants District of Columbia Department of Corrections (the "Department"), Teamsters Local 1714 (the "Union"), and Ira F. Jaffe's, (the "arbitrator's") independent Motions to Dismiss the complaint of the plaintiff, David C. Roberts, filed March 7, 1994. Because this Court lacks jurisdiction over the plaintiff's claim, the defendants' motions will be granted.

## I. *Background*

Based on an employment dispute between the plaintiff and defendant Department, the defendant Union filed a grievance on the plaintiff's behalf. The grievance was the subject of an arbitration hearing, in which the defendant arbitrator refused to overturn the Department's termination decision. Complaint at 1.

Last year, Judge Joyce Hens Green dismissed a complaint by the plaintiff alleging that he had been unjustly terminated because of certain physical and mental disabilities. *See Roberts v. D.C. Department of Corrections et al.,* Civil Action No. 93–1237 (D.D.C. Feb. 15, 1994). This Court dismissed a separate complaint, alleging racial discrimination, on April 28, 1994. *See Roberts v. D.C. Department of Corrections,* Civil Action No. 94–435 (D.D.C. April 28, 1994). In the instant claim, the plaintiff makes new allegations, focusing on the arbitrator's behavior rather than the underlying claim of unjust termination. In particular, the complaint alleges certain procedural and substantive irregularities by Mr. Jaffe, including intentional misrepresentations in his final arbitral opinion on Mr. Robert's case. Plaintiff alleges violations of, *inter alia,* specific provisions of his employment contract with the Department, the Fair Labor and Standards Act, and the Workmens' Compensation Act. As relief, he requests that the Court overturn the arbitrator's decision and order the other two defendants to represent him pursuant to the procedures laid out in the contract. Complaint at 1–2.

## II. *Discussion*

■ This Court must dismiss the plaintiff's claim for lack of subject matter jurisdiction. Mr. Roberts has failed to exhaust the administrative remedies available to him, as required by statute and controlling case law. Specifically, § 1–605.2(6) of the D.C.Code, cited in § 6(f) of the collective bargaining agreement between the Union and the Department as the proper guide for handling appeals from arbitral decisions, provides that the Public Employee Relations Board (the "Board") is empowered to "[c]onsider appeals from arbitration awards pursuant to a grievance procedure," provided the claim falls within certain explicitly outlined categories.[1]

**1.** § 6(f) of the contract was included in the portion of the contract attached to the plaintiff's complaint and has therefore been considered part of the complaint for purposes of deciding the motion to dismiss.

D.C.Code, § 1–605.2(6) (1981). The D.C. statute goes on to mandate "that the provisions of this paragraph shall be the exclusive method for reviewing the decision of an arbitrator concerning a matter properly subject to the jurisdiction of the Board...." *Id.* Thus, on statutory grounds alone, the plaintiff is required to present his appeal to the Board.

In addition, District of Columbia case law demands that a party exhaust his or her available administrative appeals before turning to the courts for a review of such claim. *See, e.g., Hawkins v. Hall,* 537 A.2d 571 (D.C.App.1988) (dismissing plaintiff's claim against employer Board of Education because of concurrent jurisdiction by Public Employee Relations Board). The U.S. Supreme Court has further established the need to exhaust administrative remedies before seeking review from the courts. *See, e.g., Reiter v. Cooper,* — U.S. —, —, 113 S.Ct. 1213, 1220, 122 L.Ed.2d 604 (1993) ("Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed."); *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938) (noting the "long settled rule of judicial administration that no one is entitled to judicial relief ... until the prescribed administrative remedy has been exhausted.").

 Plaintiff's claim does not fall within the limited exception to the exhaustion requirement. *See, e.g., Bufford v. D.C. Public Schools,* 611 A.2d 519, 524 (D.C.App.1992) (finding no exemption from exhaustion requirement because circumstances were not "compelling" and plaintiff was not "blameless" for failure to use administrative remedies); *Barnett v. District of Columbia Department of Employment Services,* 491 A.2d 1156 (D.C.App.1985) (allowing judicial review despite failure to exercise timely right to administrative appeal because dispositive information was unavailable to plaintiff prior to expiration of time permitted for appeal). The plaintiff's complaint contains no allegation, and fails to support any justifiable infer-

ence, that he perceived an impediment to a Board appeal.

Finding that the plaintiff has failed to exhaust his administrative remedies, there is no need to consider here the defendants' additional grounds for their respective motions to dismiss.

### III. *Conclusion*

An appropriate order accompanies this opinion.