**Harold FISHER, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 00–CV–41.

District of Columbia Court of Appeals.

Argued Dec. 6, 2000.
Decided July 25, 2002.

William Herrington, for appellant.

Donna M. Murasky, Senior Assistant Corporation Counsel, with whom Robert R. Rigsby, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellee.

Jonathan G. Axelrod, Washington, on behalf of Teamsters Local 639, and Elizabeth J. Head, on behalf of the Council of School Officers, Local 4, filed a brief as amicus curiae.

Before TERRY, RUIZ, and REID, Associate Judges.

RUIZ, Associate Judge.

Harold Fisher, a public school attendance officer, was terminated in a 1998 reduction-in-force (RIF). He appeals a denial of his claim for severance pay. The trial court dismissed Fisher's action for failure to exhaust his administrative remedies, and held that Fisher had no alternative private right of action entitling him to file directly in court. Fisher responds that pursuing his administrative remedies would have been futile because the Office of Employee Appeals (OEA), the administrative agency with apparent jurisdiction over this matter, considered his claim to be outside of its jurisdiction.

We concur with the trial court that Fisher did not exhaust his administrative appeals, and find no reason in equity to waive that requirement. We do not decide whether Fisher has an implied cause of action under the Comprehensive Merit Personnel Act (CMPA), D.C.Code § 1–601.01 et seq. (2001), because, even if such an action existed, it would have been time-barred.

## FACTS

The District of Columbia Public Schools informed Fisher in a letter dated June 19, 1998 that he would be terminated in a RIF effective thirty days later. After his termination, Fisher claimed that the District of Columbia Appropriations Act, 1998,

Pub.L. No. 105–100, 111 Stat. 2160 (1998) (codified at D.C.Code § 1–625.7 (1998 Supp.)), amended the CMPA to provide that employees terminated in the 1998 District-wide RIF "shall be entitled to severance pay." D.C.Code § 1–625.7(g) (1998 Supp.). On April 28, 1999, approximately nine months after the effective date of Fisher's termination, his former employer wrote Fisher that it had the discretion to set severance pay at "an[y] amount or no amount," and exercised that discretion to deny him severance pay.

Three months later, in July of 1999, Fisher's attorney, William Herrington, called the OEA to discuss a possible appeal. Unbeknownst to Herrington at the time, he spoke to Warren M. Cruise, Executive Director of the OEA. Cruise informed the attorney that as of October 22, 1998, the CMPA had been amended such that OEA had lost its authority over "grievances," and would therefore have no jurisdiction "if Mr. Fisher is grieving this matter."[1] Taking that comment as a declaration that OEA lacked jurisdiction, Fisher commenced this action in Superior Court on July 12, 1999.

## ANALYSIS

1. *Exhaustion of Administrative Remedies*

Fisher's principal argument on appeal is that pursuing a claim with the OEA would have been futile because its executive director believed that the agency lacked jurisdiction.[2]

---

1. According to a memorandum filed by Fisher in opposition to the District's motion to dismiss, Cruise also informed Fisher's counsel that "since Mr. Fisher has not filed an appeal with this Office, it is likely that there would also be an issue as to the timeliness of the appeal."

2. Fisher also contends that the trial court erred in granting summary judgment because

the statement expressed by OEA's Executive Director on the issue of jurisdiction was a question of material fact that should have been resolved through trial. We find no such error. For the reasons set forth below, summary judgment was properly granted even if we assume that Fisher's account concerning what OEA's Executive Director told him were true. *See Graff v. Malawer,* 592 A.2d 1038,

The doctrine of exhaustion of administrative remedies provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Seefeldt v. Board of Trustees of the Univ. of the District of Columbia,* 487 F.Supp. 230, 233 (D.D.C.1979) (quoting *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938)). That doctrine is not without exceptions. A court of equity may waive that requirement where the claimant makes a "strong showing" of "compelling circumstances" to justify such a waiver. *See Barnett v. District of Columbia Dep't of Employment Servs.,* 491 A.2d 1156, 1161 (D.C.1985).

Although there is no formula for identifying such "compelling circumstances," *see id.* at 1161, a lack of fault on the part of the claimant is a necessary prerequisite. In *Barnett* the exhaustion requirement was waived, in part, because the claimant, despite his best efforts, was unable to obtain evidence crucial to his claim before all administrative deadlines had passed. *See id.* at 1161. In *Bufford v. District of Columbia Public Schools,* 611 A.2d 519 (D.C.1992), on the other hand, we held that a claimant who had taken "nu-merous informal steps" to resolve his claim, but who had never filed a formal grievance, was at least partly at fault for his failure to pursue administrative remedies and therefore did not merit a waiver. *See id.* at 523–24.

Here, the reasoning in *Bufford* controls. Fisher's failure to pursue administrative remedies was almost exclusively his own fault (or that of his attorney). An employee who believes an agency has conducted a RIF in a manner inconsistent with the relevant provisions of the CMPA must appeal to OEA no later than "15 calendar days after the effective date of the action." D.C.Code § 1–625.4 (1999).[3] The "action" in this case was the denial of Fisher's request for severance pay on April 28, 1999.[4] Fisher did nothing—formally or informally—while the fifteen-day window for appeals was open. It was not until approximately two months after that window closed, in July of 1999, that Fisher's attorney called the OEA to inquire about the appeals procedure. If Fisher had been told in July that OEA had jurisdiction, his claim would have been time-barred. Thus, whether or not the OEA Executive Director was correct concerning the OEA's jurisdiction, it was not his ad-

1040 (D.C.1991) (holding that summary judgment is properly granted when the moving party is entitled to judgment as a matter of law, viewing the record in the light most favorable to the party opposing the motion).

3. The version of § 1–625.4 in effect in April of 1999 read:
An employee who has received a specific notice that he or she has been identified for separation from his or her position through a reduction-in-force action may file an appeal with the Office of Employee Appeals if he or she believes that his or her agency has incorrectly applied the provisions of this subchapter or the rules and regulations issued pursuant to this subchapter. An appeal must be filed no later than 15 calendar days after the effective date of the action.

The filing of an appeal shall not serve to delay the effective date of the action.
D.C.Code § 1–625.4 (1999).

4. While the trial court interpreted the applicable period for filing administrative appeals differently from this court, that difference is immaterial to our analysis. The trial court interpreted the "effective date of the action" under D.C.Code § 1–625.4 (1999) as the date of Fisher's termination, and concluded that Fisher's window for appeal expired on August 3, 1998. Whether we assume the time limit for appeals closed in August of 1998, or May of 1999, the fact remains that Fisher took no action to pursue an administrative appeal until after his deadline for appeal had expired.

vice, but Fisher's timing, that would have prevented him from pursuing an administrative appeal.[5] We therefore hold that the trial court did not err in dismissing Fisher's claim for failure to exhaust administrative remedies.

2. *Private Right of Action*

 Fisher and *amicus* argue, in the alternative, that exhaustion of administrative remedies was not required because Fisher had an implied right of action in Superior Court under the CMPA. *See, e.g., Davis v. University of the District of Columbia,* 603 A.2d 849, 853 (D.C.1992) (commenting that, where OEA has no jurisdiction to review an appeal, the "appellant may invoke the general equitable jurisdiction of the Superior Court ... [to] be afforded a right to a hearing"). Whatever the merit of the argument in this case, which the District strenuously disputes, we do not reach its substance because it has no effect on our disposition of this appeal. Under Superior Court rules, an appeal of an agency action under the CMPA must be filed within thirty days of the claimant's receipt of formal notice, or of the decision becoming final, whichever is later:

> Unless a different time is prescribed by statute an appeal to the Superior Court of the District of Columbia permitted by [D.C.Code 1981, Title 1, Chapter 6], shall be obtained by filing a petition for review with the Clerk of the Civil Division, within 30 days after service of formal notice of the final decision to be reviewed or within 30 days after the decision to be reviewed becomes a final decision under applicable statute or agency rules, whichever is later.

Super. Ct. Civ. R. Agency Review 1. This limitation is mandatory and jurisdictional. *See Jackson v. District of Columbia Employees' Compensation Appeals Board,* 537 A.2d 576, 578 (D.C.1988). Because Fisher's petition for severance pay was formally denied in writing on April 28, 1999, the thirty-day window for appeal to Superior Court closed on May 28, 1999. The action at bar, filed on July 12, 1999, was therefore untimely, and the court was without jurisdiction to consider it.

## CONCLUSION

The trial court dismissed Fisher's complaint for failure to exhaust his administrative remedies, and held that Fisher had no right of action implied under the CMPA. We concur that Fisher failed to exhaust his administrative remedies, but do not reach the question of Fisher's claimed implied right of action because the suit, assuming such an action were available, was not timely filed in Superior Court. Accordingly, the trial court's dismissal of this matter is

*Affirmed.*

---

5. The District takes the position that the OEA had jurisdiction to consider Fisher's appeal under D.C.Code § 1–625.4 concerning entitlement to severance pay under D.C.Code § 1–625.7(g) (1998 Supp.), as well as under D.C.Code § 1–606.3(a) (1999), to consider the matter as a final agency decision affecting a RIF. The trial court understood that the amendment to the CMPA had affected only OEA's jurisdiction to hear "grievances" (defined to exclude RIFs), not appeals.