Esther LAW, et al.,
Appellants/Cross–Appellees,

v.

HOWARD UNIVERSITY, INC.,
Appellee/Cross–Appellant.

Nos. 87–729, 87–925.

District of Columbia Court of Appeals.

Argued Nov. 15, 1988.
Decided May 19, 1989.

John Perazich, with whom Anthony M. Rachal, Washington, D.C., was on the brief, for Esther Law, et al.

John F. Mahoney, Jr., with whom Daniel O. Bernstine, Washington, D.C., was on the brief, for Howard University, Inc.

Before STEADMAN and SCHWELB, Associate Judges, and PRYOR, Senior Judge.

STEADMAN, Associate Judge:

Law was an employee of Howard University. Suspected of diverting funds, she was fired after a brief hearing before her supervisor. Law was arrested and charged with grand larceny. She was indicted for embezzlement, but the government declined to further prosecute her case. In a civil jury trial, the following damages were awarded: $260,000 for Howard's breach of Law's employment contract; $16,000 for damages arising out of tort claims related to her arrest and indictment; and $2,500 for her husband Roger Law's loss of consortium. The trial court granted Howard's motion for judgment *n.o.v.* on the tort claims, but denied the motion with respect to the breach of contract and loss of consortium claims. Both parties appeal.

■ In deciding whether the trial court erred in denying Howard's judgment *n.o.v.* motion, we note that "[a] judgment notwithstanding the verdict is proper only in 'extreme' cases, in which no reasonable person, viewing the evidence in the light most favorable to the prevailing party, could reach a verdict in favor of that party." *Oxendine v. Merrell Dow Pharmaceuticals, Inc.*, 506 A.2d 1100, 1103 (D.C. 1986). Howard contends that Law failed to establish a case of wrongful termination and that therefore the jury verdict cannot stand.

■ The trial court instructed the jury that to prevail on the contract claim, Law had to prove by a preponderance of the evidence both that an employment contract existed between her and Howard and that Howard breached that contract by discharging her "without just cause." Law relied on the provisions of Howard's employee handbook as establishing her employment relationship with the University. On appeal Howard argues that under the handbook, the proper test of the rightfulness of Law's discharge was not whether there was "just cause," as the jury was instructed, but rather whether Law had successfully refuted the charges of theft made against her. However, the "just cause" formulation is an arguable extrapolation from the handbook terms and at trial Howard appears to have entered no objection to such a formulation of the test in the instructions, perhaps for tactical reasons.[1] Super.Ct.Civ.R. 51; *District of Columbia v. Mitchell,* 533 A.2d 629, 645–46 (D.C.1987) and cases cited. Howard may even have benefited by the expansive phraseology of any "just cause" as justifying the discharge, rather than the grounds listed in the handbook.

■ Howard also argues that Law's breach of contract claim is not properly before this court because she failed to exhaust employee grievance procedures and remedies provided by the University, relying in part on cases involving government agencies. These cases are inapposite, however. The requirement of exhaustion of administrative remedies flows from the principle of comity between coequal branches of the government and on the judicial reluctance to rule on actions of the executive branch unless a person has taken all possible steps to seek redress within the structure of the executive branch. *See McKart v. United States,* 395 U.S. 185, 194, 89 S.Ct. 1657, 1663, 23 L.Ed.2d 194 (1969) (noting that the exhaustion doctrine is "an expression of executive and administrative autonomy") (footnote omitted).

Howard's case must therefore be based upon the somewhat analogous principle applicable to private dealings which provides that where a contractual agreement expressly provides that certain modes of relief be employed as a condition precedent to court action, the failure to invoke such modes constitutes a bar to judicial relief. *See, e.g., Seefeldt v. Board of Trustees of the Univ. of the District of Columbia,* 487 F.Supp. 230 (D.D.C.1979). Here, it is asserted that since the grievance procedures set forth in the handbook were not followed, Law is barred from seeking relief in our courts. While Howard cites provisions which discuss generally the availability and means of invoking such procedures, none of the handbook provisions cited states that the grievance procedures are in any way mandatory or a prerequisite to filing suit in a court of law.

Even if such a provision were to be found in the handbook, it is well settled that no requirement of exhaustion of contractual or administrative remedies exists in either private disputes or disputes involving the government if the attempt to exhaust such remedies would be "futile." *Glover v. St. Louis–San Francisco Ry. Co.,* 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969) (private dispute involving employees, their union and their employer); *Jordan v. Washington Metro. Area Transit Auth.,* 548 A.2d 792 (D.C.1988) (employee not required to exhaust remedies provided for in contract when hostility of union officials makes a fair hearing impossible) (private dispute involving employee, union and employer); *Barnett v. District of Columbia Dep't of Employee Serv.,* 491 A.2d 1156, 1162 (D.C.1985) ("judicial economy is not served by requiring a claimant to go through obviously useless motions in order to preserve [his] [her] rights") (citation omitted) (dispute involving government agency); *Apartment & Office Bldg. Ass'n*

---

1. At trial, Howard principally argued that there was no employment contract between Law and itself and that therefore the employment relationship was terminable at the will of either party (thus the presence or absence of just cause was irrelevant). We agree with the trial court that from the evidence, the jury could find otherwise, as well as that the discharge was "without just cause." As the jury was instructed, the burden of proof as to both was on Law.

*of Metro. Washington v. Washington,* 343 A.2d 323, 332 (D.C.1975) ("It is settled that no requirement of exhaustion of administrative remedies exists if the attempt to exhaust would be futile.") (dispute involving a government agency).

Here, Howard had fired Law and reported her alleged crime to the police, who subsequently arrested and charged her. In such a context, Law could legitimately have assumed that Howard's action was final and that seeking any further relief, given Howard's hostile actions, would have been in vain. Furthermore, pursuing administrative procedures in Law's situation would have been incomplete since here she sought damages for breach of contract rather than reinstatement and Howard's remedies provided for reinstatement only.[2]

Law cross-appeals the granting of the judgment *n.o.v.* with respect to the tort claims.[3] She contends that Howard's conduct rose to a "level of extreme, outrageous and malicious conduct," asserting on appeal that such liability rests upon respondeat superior doctrine as applied to the deliberate and knowingly false accusations of Law's two co-workers against her, rather than subsequent actions by Howard's management. Respondeat superior liability in this area is not clear-cut. *See Weinberg v. Johnson,* 518 A.2d 985, 988 (D.C.1986) (employer not liable for willful acts motivated by the agent only to further his or her own interests); *Jordan v. Medley,* 228 U.S.App.D.C. 425, 427–29, 711 F.2d 211, 213–16 (1983) (no liability for acts which are purely personal in their motivation); *Newton v. Spence,* 20 Md.App. 126, 139, 316 A.2d 837, 845 (1974) (no liability if employee motivated by grudge or personal dislike); RESTATEMENT (SECOND) OF AGENCY §§ 235, 246 comment b, illustration 4 (1958) (if servant initiates suit to satisfy a personal grudge, master not liable).[4] No respondeat superior instruction was given at trial, nor was the issue raised in the judgment *n.o.v.* papers. The issue is therefore not properly before us. *Chase v. Gilbert,* 499 A.2d 1203, 1209 (D.C.1985). We do not understand Law to otherwise challenge before us the trial court order.

*Affirmed.*

---

2. Howard also attacks the loss of consortium award on the sole ground that it was derived from an illegitimate breach of contract claim, an argument disposed of by our affirmation of the jury's finding that an employment contract did exist between Law and Howard and that Howard breached that contract. Accordingly, we do not reach the general issue whether loss of consortium is a permissible component of breach of contract damages.

3. The tort claims at issue are abuse of process, false arrest, malicious prosecution, and intentional infliction of emotional harm.

4. In attacking the testimony against her, Law presented evidence to the effect that the employees who accused her may have done so in order to cover up the fact that they were the true thieves and that one in particular had a grudge against Law because she had aspirations for Law's job. Both employees were subsequently removed from the cashier's office, and one was subsequently discharged by Howard. It does not appear that the instant situation is encompassed by the stipulation that "for the purposes of showing chain of command," all employees were acting within the scope of their employment.