HOWARD UNIVERSITY, Appellant,

v.

Harold E. LACY, Jr., Appellee.

Nos. 02–CV–464, 02–CV–554.

District of Columbia Court of Appeals.

Oct. 10, 2003.

Daniel I. Prywes, Washington, DC, for appellant.

David W. Brown, for appellee.

Before SCHWELB, FARRELL, and WASHINGTON, Associate Judges.

ON PETITION FOR REHEARING

PER CURIAM:

This court's decision in this case is reported at 828 A.2d 733 (D.C.2003) (*Lacy I*). Appellee, Harold E. Lacy, Jr., has filed a timely petition for rehearing or rehearing en banc. In his petition, Lacy correctly points out that, contrary to a statement in the court's opinion, 828 A.2d at 736 (and contrary to a concession by Lacy's attorney at oral argument), the question whether there was an employment contract between the parties in *Law v. Howard Univ.*, 558 A.2d 355 (D.C.1989), was in fact contested and litigated. *See id.* at 356 n. 1. We grant rehearing to the extent that we now correct this factual error.

We conclude, however, that the foregoing incorrect statement in the opinion—in fact, there have been two jury findings

that the University's handbook is an employment contract, rather than one—does not affect the proper disposition of the case. *See Lacy I*, 828 A.2d at 736–39. In all other respects, the petition for rehearing by the division is denied.

*So ordered.**

---

* We agree with Lacy that the new trial ordered in *Lacy I* should be confined to the existence of a contract between the parties; the question whether there was a breach need not be retried. en the parties; the question whether there was a breach need not be retried.