**Philip Ward BURTON, Jr., Appellant**

v.

**DISTRICT OF COLUMBIA,
et al., Appellees**

**No. 01–CV–1195.**

District of Columbia Court of Appeals.

Submitted Jan. 28, 2003.
Decided Nov. 20, 2003.

Philip Ward Burton, Jr., filed a brief pro se.

Arabella W. Teal, Interim Corporation Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corporation Counsel at the time the brief was filed, and James C. McKay, Jr., Senior Assistant Corporation Counsel, were on the brief for appellees.

Before TERRY, RUIZ, and WASHINGTON, Associate Judges.

TERRY, Associate Judge:

Appellant, a former police officer, filed suit against the District of Columbia and three of his former supervisors, Lieutenant Joseph Fairley, Inspector Christopher Cooch, and Commander Lloyd Coward of the Metropolitan Police (collectively "the District"). The complaint alleged four theories of liability,[1] based on what appellant believed to have been retaliatory conduct by the District in response to his reporting

---

1. Wrongful constructive discharge, intentional infliction of emotional distress, negligent infliction of emotional distress, and tortious interference with contractual relations.

of misconduct by Lieutenant Fairley. The gist of appellant's claim was that these retaliatory acts made the workplace so unbearable for him that he was constructively forced into retirement. The case went to trial before a jury, but before appellant completed his case in chief, the District moved for judgment as a matter of law under Super. Ct. Civ. R. 50 on the ground that appellant had failed to exhaust his administrative remedies, as required by the District of Columbia Government Comprehensive Merit Personnel Act ("CMPA").[2] The trial court granted the motion and entered judgment for the District. We affirm.

## I

Appellant joined the Metropolitan Police Department ("MPD") in 1972. At the time of the alleged retaliatory conduct, appellant was assigned to the Office of Internal Affairs, where he was investigating allegations that employees of the Water and Sewer Authority ("WASA") were engaging in private plumbing jobs while on duty and were using city resources to do the work.

Appellant alleged that on May 19, 1997, at approximately 7:00 p.m., he witnessed Lieutenant Fairley making photocopies of examination questions, while receiving overtime pay, for a course that he was teaching at the University of the District of Columbia. On May 30 appellant wrote a memorandum to Commander Coward and Inspector Cooch informing them of the photocopying incident. At trial appellant testified to what he believed to be a series of retaliatory actions taken as a result of his reporting Lieutenant Fairley's supposed misconduct. We need not recite the specifics of the alleged retaliatory conduct. For purposes of this appeal, all that bears mentioning is that on July 23, 1997, appellant filed an informal grievance with Assistant Chief Michael Fitzgerald contesting a recent reprimand and explaining that he believed he was the target of retaliation.[3] According to appellant's testimony, Assistant Chief Fitzgerald agreed that the reprimand had been excessive and that he would "take care of this." Because no action was taken within twenty days as required by the grievance procedures set forth in MPD General Order 201.3, appellant had the right to file a formal grievance. On cross-examination, however, appellant admitted that he was unaware of the grievance procedure since he did not read General Order 201.3 beyond that portion which pertained to informal hearings.[4] Instead of seeking an administrative remedy for the wrongs allegedly done to him, appellant retired on October 25, 1997, and filed this suit in September 1998.

2. D.C.Code §§ 1–601.1 et seq. (1992), recodified as D.C.Code §§ 1–601.01 et seq. (2001). The CMPA establishes a merit personnel system which, among other things, provides for prompt handling of employee grievances. See District of Columbia v. Thompson, 593 A.2d 621, 625 (D.C.1991). Generally, "whether a public employee defends a corrective or adverse action by the employer, or initiates a grievance proceeding against the employer, the matter will be resolved either under detailed CMPA procedures or under a CMPA-sanctioned collective bargaining agreement." Stockard v. Moss, 706 A.2d 561, 564 (D.C. 1997) (citation omitted); accord, Robinson v. District of Columbia, 748 A.2d 409, 411 (D.C. 2000) ("With few exceptions, the CMPA is the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind" (citation omitted)).

3. On June 4, 1997, appellant contacted an FBI agent to assist the MPD in its efforts to "close out" the WASA investigation. On June 27 Inspector Cooch met with appellant and told him the allegations against Lieutenant Fairley were deemed "unfounded," and that he would receive an official reprimand for his unauthorized contact with the FBI agent.

4. Appellant filed an informal grievance contesting only the reprimand. He never sought an administrative remedy for the claims asserted in his complaint in the instant case.

Before trial, the parties submitted a Joint Pretrial Statement ("JPS") pursuant to Super. Ct. Civ. R. 16(e) which set forth the claims and defenses they intended to raise at trial. Although the District asserted appellant's failure to exhaust his administrative remedies as a defense in its answer to the complaint, it failed to mention it in the JPS. The trial court then issued its Final Pretrial Order, which stated: "The claims and defenses of the parties are set forth in the Joint Pretrial Statement.... No other claims or defenses will be entertained at trial absent good cause." Appellant argues that the District waived its right to raise the exhaustion defense by failing to include it in the JPS, and that the trial court was prohibited by the pretrial order from considering defenses not mentioned in the JPS.[5] For the reasons that follow, we reject appellant's argument.

## II

■ Before addressing appellant's argument about the pretrial order, we turn preliminarily to the District's assertion that it had the right to raise the exhaustion issue at any time, despite its failure to mention it in the JPS, because the failure to exhaust administrative remedies strips the trial court of subject matter jurisdiction. The District is of course correct that a party may challenge the court's jurisdiction at any time. *See King v. Kidd, supra*

note 5, 640 A.2d at 662.[6] The District is mistaken, however, in asserting that appellant's failure to exhaust his administrative remedies deprives the court of jurisdiction. While the exhaustion doctrine is well established and of long standing, both in CMPA cases[7] and generally, that doctrine is simply a "rule of judicial administration" rather than a jurisdictional requirement. *See Barnett v. District of Columbia Dep't of Employment Services*, 491 A.2d 1156, 1160 (D.C.1985) (citation omitted). Although there were "scattered references" in some of the earlier cases to exhaustion as a jurisdictional rule, *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 395, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court has made clear that exhaustion is not a "jurisdictional prerequisite" to a court proceeding, *id.* at 393, 102 S.Ct. 1127 but merely a requirement "analogous to a statute of limitations" which is subject to waiver, estoppel, or other mitigating factors. *See Barnett*, 491 A.2d at 1160.

■ We also recognized in *Barnett* that "there are circumstances in which a court of equity is justified in considering the merits of an administrative action, notwithstanding the petitioner's failure to exhaust administrative remedies." *Id.* at 1161 (citation omitted). To bring his case within this exception, however, appellant "must make a 'strong showing' of compelling circumstances justifying equity's intervention in order to persuade us to excuse a failure

---

5. Appellant does not contend that his claims are not covered by the CMPA, nor could he validly do so, since they were not "premised on, and fundamentally related to" a discrimination claim brought under the District of Columbia Human Rights Act, *Robinson*, 748 A.2d at 411(citation and internal quotation marks omitted); *see Stockard*, 706 A.2d at 567–568; *King v. Kidd*, 640 A.2d 656, 664 (D.C.1993), nor were they explicitly excepted from coverage of the CMPA, *see* 6 DCMR § 1631.1 (2003).

6. Indeed, the trial court *must* dismiss the complaint at any point if it becomes apparent that the court lacks subject matter jurisdiction. *See King, supra* note 5, 640 A.2d at 662. It is also clear that a lack of subject matter jurisdiction cannot be waived. *See B.J.P. v. R.W.P.*, 637 A.2d 74, 78 (D.C.1994).

7. *See, e.g., Robinson, supra* note 2, 748 A.2d at 411 ("[t]he Superior Court is not an 'alternative forum' in this scheme, but rather serves as a 'last resort' for reviewing decisions generated by CMPA procedures" (citation omitted)).

to exhaust and examine the claim's merits." *Id.* (citations omitted). Appellant has made no such showing, nor is there anything in the record which might suggest that exhaustion would be futile. *See, e.g., Law v. Howard University,* 558 A.2d 355, 357 (D.C.1989). Instead, by his own admission,[8] appellant's failure to exhaust his administrative remedies was attributable to his lack of knowledge of the process rather than any compelling circumstances. That is not sufficient to permit us to ignore or overlook the exhaustion requirement. *See Fisher v. District of Columbia,* 803 A.2d 962, 964 (D.C.2002) ("Although there is no formula for identifying such 'compelling circumstances' ... a lack of fault on the part of the claimant is a necessary prerequisite" (citation omitted)).

## III

 As to the merits, we reject appellant's contention that the trial court did not have discretion to stray from the pretrial order. "Whether to allow a party to go beyond the bounds of the pretrial order ... is a matter left to the court's discretion to be exercised in light of Rule 16's language authorizing modification in the proper case 'to prevent manifest injustice.'" *Taylor v. Washington Hospital Center,* 407 A.2d 585, 592 (D.C.1979) (citations omitted); *accord, e.g., Town Center Management Corp. v. Chavez,* 373 A.2d 238, 244 (D.C.1977) ("the binding effect of the pretrial order is *always* subject to relaxation at the discretion of the trial judge" (citations omitted; emphasis added)).

Not only did the trial court have the power to go beyond the pretrial order; it did not abuse its discretion in this case doing so. In *Taylor v. Washington Hospital Center,* there was an "attempt to introduce on the verge of trial a new theory of negligence against a new defendant." 407 A.2d at 593. In the case at bar, however, appellant was on notice that the exhaustion issue could arise at trial when the District raised it as a defense in its answer. *See Landise v. Mauro,* 725 A.2d 445, 447 n. 1 (D.C.1998) ("the trial court noted that [appellant] had been put on notice by the answer"). In these circumstances appellant could not reasonably have been prejudiced, and hence there was no abuse of discretion.

Finally, Super. Ct. Civ. R. 15(b) states: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."[9] Appellant's counsel unequivocally consented to litigation of the exhaustion issue by stating, "It seems to me it makes good sense to all ... to have that issue [of exhaustion of administrative remedies] litigated right now, today, and I consent to it." Thus, even if the trial court erred (which it did not) by modifying its pretrial order, the fact that appellant, through counsel, agreed to let the issue be tried defeats any argument on appeal. *See Brown v. United States,* 627 A.2d 499, 508 (D.C.1993) (a party "may not take one position at trial and a contradictory position on appeal" (citations omitted)).[10]

8. Although appellant testified below that he did not think filing a grievance would do any good, he also admitted that he would have done so had he known it was his only option.

9. While a pretrial order technically is not part of the pleadings, this court has held that "Rule 16 concerning pretrial proceedings must be read in the light of Rule 15(b) ...

and the pretrial order should be considered amended in the same manner as are the pleadings to conform to the issue tried." *Seek v. Edgar,* 293 A.2d 474, 477 (D.C.1972) (footnote omitted).

10. Appellant also argues that he was not required to exhaust his administrative remedies because his suit was brought under the Whis-

The judgment from which this appeal is taken is

*Affirmed.*

tleblower Protection Act, D.C.Code §§ 1–615.56(a) (2001). Because this argument was not made below, we decline to consider it. *See, e.g., District of Columbia v. Gray,* 452 A.2d 962, 964 (D.C.1982) ("matters not raised at the trial court level may not be raised for the first time on appeal").