**WWC SERVICES OF SAN FRANCISCO, INC.,**
Appellant,

v.

**WASHINGTON CONVENTION AND SPORTS AUTHORITY,**
Appellee.

No. 08–CV–1231.

District of Columbia Court of Appeals.

Submitted March 9, 2010.

Decided June 24, 2010.

Robert A. Klimek, Jr., Washington, DC, was on the brief for appellant.

Natalie O. Ludaway, Washington, DC, O'Neil S. King, and Matthew H. Goodman, were on the brief for appellee.

Before WAGNER, BELSON, and STEADMAN, Senior Judges.

BELSON, Senior Judge:

Appellant WWC Services of San Francisco ("WWC") brought suit against appellee Washington Convention and Sports Authority[1] ("Convention Center Authority" or "Authority") after an unsuccessful bid for a procurement contract. The trial court granted the Convention Center Authority's motion to dismiss, and WWC appeals. We affirm.

I.

On March 5, 2007, the Washington Convention Center Authority requested proposals for window cleaning services.

---

1. By order entered on December 1, 2009, this court was notified that appellee's name had been changed, and directed that the caption of the case be amended accordingly. Throughout the proceedings in the trial court and the transactions that figured in those proceedings, appellee's name was Washington Convention Center Authority, and we use that as appellee's full name hereafter in discussing the case.

As a condition precedent to considering and accepting a bid, the Authority required potential bidders to attend an on-site inspection. Appellant WWC, which had previously contracted with the Convention Center Authority to provide window washing services, attended the required on-site inspection and submitted its bid. On June 7, 2007, WWC learned that the Authority had awarded the window washing contract to Clean City, even though Clean City had not attended the on-site inspection. WWC filed suit in Superior Court on December 7, 2007, claiming that the procurement award was unlawful because it was (1) in violation of an implied contract between WWC and the Convention Center Authority, and (2) indicative of a civil conspiracy between the Authority and Clean City. The Convention Center Authority moved to dismiss the suit. The trial court granted the motion by an order accompanied by a memorandum opinion explaining that the court based its ruling on WWC's failure to exhaust its administrative remedies. WWC appeals.

## II.

■ WWC argues that the Convention Center Authority is not a regulatory body that can promulgate its own procurement regulations, and therefore WWC was not required to follow the Authority's administrative protest process; rather, it argues WWC was entitled to sue in Superior Court. WWC further contends that even though the Convention Center Authority's procurement regulations track the protest process set forth in the District of Columbia Procurement Practices Act ("PPA"), they are without force and effect because the Authority is "exempt" from the PPA. *See* D.C.Code § 2–303.20(e) ("Nothing in this chapter shall affect the authority of the Convention Center Board of Directors pursuant to part A of subchapter III of Chapter 12 of Title 10."). To address WWC's contentions, we consider the authority conferred on the Convention Center Authority by those provisions of Title 10.

■ The Washington Convention Center Authority Act of 1994, D.C. Law 10–188, was approved by the D.C. Council and the Mayor, and became effective on September 28, 1994, after review by Congress. *See* historical and statutory notes following D.C.Code § 10–1201.01. Under D.C.Code § 10–1202.03(6), the Convention Center Authority has the authority "[t]o issue regulations and establish polices for contracting and procurement." Pursuant to this statutory authority, the Convention Center Authority has promulgated procurement regulations. *See* 19 DCMR, ch. 3. The regulations applicable to the Convention Center Authority protest procedures were adopted after publication and public comment. *See* 44 D.C.Reg. 4907, 4916–17. Therefore, the Convention Center Authority procurement regulations, issued pursuant to valid statutory authority, are duly promulgated regulations that have the force and effect of law. *J.C. & Assocs. v. District of Columbia Bd. of Appeals & Review*, 778 A.2d 296, 303 (D.C.2001).

The Convention Center Authority's regulations provide that in order to contest "the award of, or the failure to award, a procurement," an unsuccessful bidder must, under the regulations, file a timely protest with the Chief Contracting Officer ("CCO"). 19 DCMR § 309.1. After consideration of the protest claim, the CCO must file a written decision within ten days of receipt of the protest. 19 DCMR § 309.5. An interested party may appeal an adverse decision of the CCO to the District of Columbia Contract Appeals Board ("CAB"), which has "exclusive jurisdiction

to review final action of the Authority on any protest." 19 DCMR § 309.7.

 A party is generally not entitled to judicial relief until all prescribed administrative remedies have been exhausted. *See Barnett v. District of Columbia Dep't of Employment Servs.*, 491 A.2d 1156, 1160 (D.C.1985). Accordingly, WWC was required to pursue the administrative remedies set out in 19 DCMR §§ 309.1–309.7. Without a decision from the CCO and the CAB, WWC cannot obtain judicial review of its claim. *Fisher v. District of Columbia*, 803 A.2d 962, 964–65 (D.C.2002).

Appellant WWC argues that because the CAB has consistently dismissed protests and appeals from rulings of the District of Columbia Water and Sewer Authority, which like appellee Convention Center Authority is exempt from the PPA with respect to its "power to operate and establish its procurement system and to execute contracts," D.C.Code § 2–303.20, it follows that CAB must also dismiss appeals from contested actions of the Convention Center Authority. This argument fails because the Water and Sewer Authority has not adopted, as has the Convention Center Authority, procurement regulations that provide for review by the CAB. *See In re Dixon's Termite & Pest Control, Inc.*, No. P–0659, 2002 WL 1839988 (Aug. 7, 2002); 19 DCMR § 309.7.

We are not persuaded by appellant's underlying argument that the fact that the protest procedures promulgated by the Convention Center Authority are analogous to those under the PPA, from which the Convention Center Authority is exempt, detracts from their validity. The Authority validly issued its own regulatory scheme for procurement protests, and elected to require review by the District of Columbia Contract Appeals Board, an entity with expertise in bid protests. D.C.Code § 2–303.20(e) does not prohibit such a regulatory scheme. Accordingly, the order on review is affirmed.

*So ordered.*