POWER PLANT DIVISION, BROWN & ROOT, INC., Petitioner,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, and Raymond J. Donovan, Secretary of Labor, Respondents.

No. 79–3677.

United States Court of Appeals, Fifth Circuit.*
Unit B

April 15, 1982.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

W. Carl Jordan, Houston, Tex., for petitioner.

Allen H. Feldman, U. S. Dept. of Labor, Dennis K. Kade, Jeffrey M. Strashun, Andrea C. Casson, Washington, D. C., for respondent.

(Opinion October 26, 1981, 5 Cir., 1981, 659 F.2d 1291)

Before GODBOLD, Chief Judge, TUTTLE and HILL, Circuit Judges:

GODBOLD, Chief Judge:

In this case the Occupational Safety and Health Review Commission (OSHRC or Commission) held that Brown & Root had failed to provide to its employees personal protective equipment required by 29 C.F.R. § 1926.28(a). Before this court Brown & Root contended for the first time that industry practices are determinative of an employer's duty under § 1926.28(a). We held that because Brown & Root had not presented this argument to the Commission it was barred by 29 U.S.C. § 660(a) from raising it before this court. We grant Brown & Root's petition for rehearing to clarify this holding.

29 U.S.C. § 660(a) provides that "[n]o objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." In the principal opinion we ruled on three points relevant to § 660(a). We held: (1) that Brown & Root had failed to alert the Commission to its contention that industry practices are controlling; (2) that this default may be raised *sua sponte* by this court and is not waivable by the Secretary of Labor's failure to raise it; and (3) that no extraordinary circumstances were present. *Power Plant*

*Division, Brown & Root, Inc. v. OSHRC,* 659 F.2d 1291, 1293–95 & n.3 (5th Cir. 1981).

In its petition for rehearing Brown & Root analogizes § 660(a)'s requirement of raising an objection before the Commission to a requirement of exhaustion of administrative remedies, and contends that our holding is inconsistent with a line of Supreme Court decisions that have excused the failure of parties to fully exhaust their intra-agency levels of review. *Mathews v. Diaz,* 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976); *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Each of these cases involved a constitutional challenge to the denial of benefits under the Social Security Act. In each case the claimant was allowed to appeal the denial of benefits without having first sought all of the available levels of review within the agency. Brown & Root contends that these decisions establish that an exhaustion requirement is waivable and that futility will excuse the failure to fully exhaust.[1] These precedents do not require a different result than we have reached in this case.

We consider first our duty to raise a § 660(a) default *sua sponte* and the Secretary's ability to waive the default. *Salfi,* far from contradicting our consideration of Brown & Root's failure to present its objection to the Commission, affirms our raising of this matter *sua sponte*, for there the Court considered the exhaustion issue despite the failure of any party to raise it before the Court. 422 U.S. at 786, 95 S.Ct. at 2477 (Brennan, J., dissenting). Whether the § 660(a) bar to review may be and has been waived is a more difficult question. Speaking broadly, in *Salfi,* as interpreted by *Eldridge* and *Diaz,* the Court held that the analogous requirement of exhaustion of intra-agency levels of review may be waived by the agency. 422 U.S. at 765–67, 95 S.Ct. at 2466–2467; 424 U.S. at 328–30, 96 S.Ct.

---

1. This line of cases does not affect our prior discussion concerning the degree of specificity with which an objection must be made, so we do not elaborate further on this aspect of the principal opinion.

at 899–900; 426 U.S. at 75–77, 96 S.Ct. at 1889–1890.

The specific focus of the Court's attention in *Salfi, Eldridge*, and *Diaz* was § 405(g) of the Social Security Act which provides that only "final decisions" on a claim for benefits may be reviewed by the courts. The issue for decision in each case was whether a denial of benefits at an early administrative level is a "final decision" despite the failure to fully appeal within the agency. In *Salfi*, the progenitor of these cases, the Court presented the core of its reasoning. Because the term "final decision" is not defined:

> the statutory scheme is thus one in which the Secretary may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration.... [T]he Secretary [may determine] in particular cases that full exhaustion of internal review procedures is not necessary for a decision to be "final" within the language of § 405(g).

422 U.S. at 766, 95 S.Ct. at 2467. The specific holding of *Salfi* and its progeny, then, is not that the exhaustion requirement is waived by the agency's failure to present it to the review court but that the particular agency, Health and Human Services, has the discretion to define the particular term "final decision." In *Salfi* the Court found a determination by the agency that there had been a final decision from the agency's failure to challenge the allegations in the complaint that there had been full exhaustion. 422 U.S. at 769, 95 S.Ct. at 2468. In *Diaz* the Court found a determination in the agency's stipulation that there were no factual or statutory application issues in dispute but only an issue of the constitutionality of the statute, which issue was beyond the power of the agency to address. 426 U.S. at 76–77, 96 S.Ct. at 1889–1890. In *Eldridge* the agency maintained that there was a failure to exhaust, in other words, that there had been no final decision. The Court refused to accept this, however, holding there that the agency had incorrectly defined the term. 424 U.S. at 330, 96 S.Ct. at 900.

To summarize, the idea of waiver of the exhaustion requirement is used in this line of cases as a shorthand description of the agency's prerogative in some cases to treat an early agency ruling as "final" despite the failure to seek all levels of review. These cases are not instances of classical waiver. This is illustrated by *Eldridge* where the Court found the exhaustion requirement met even though the agency, far from waiving the requirement, expressly contended that it had not been met. *Id.*

Although *Salfi* and its progeny do not control the issue of waiver in this case, these cases are relevant to whether "extraordinary circumstances" exist. Just as the Secretary of Health and Human Services was found to have a discretion to define "final decision," the Secretary of Labor may have discretion to define "extraordinary circumstances." Again, this requires a close examination of the Supreme Court's reasoning in *Salfi*.

█ The Supreme Court did not find discretion simply from the fact that the term was undefined in the Act. Instead it first examined the purposes of exhaustion:

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

422 U.S. at 765, 95 S.Ct. at 2466. These purposes apply to the objection requirement of § 660(a) as well. There are two sets of purposes: one that fosters the efficiency of the internal operation of the agency, the other that fosters efficiency at the appellate court review level and that promotes the integrity of the court-agency review relationship. *Salfi* and its progeny were extraordinary cases because the second set of purposes had been fully satisfied and so only the first set was at issue. The second set of purposes was satisfied, as explained by the Court in *Salfi*, because the only

challenge to the agency's decision was a constitutional one beyond the power of the agency to address:

> Plainly these purposes have been served once the Secretary has satisfied himself that the only issue is the constitutionality of a statutory requirement, a matter which is beyond his jurisdiction to determine, and that the claim is neither otherwise invalid nor cognizable under a different section of the Act.

422 U.S. at 765, 95 S.Ct. 2466. To explain more fully, if the only issue is the constitutionality of the agency's governing statute, the integrity of the review relationship is not at stake because the agency has no authority to correct this type of error, and the efficiency of the court review process is guaranteed once there has been a determination that constitutionality, and not a factual or statutory issue, is dispositive. We conclude from the internal reasoning of *Salfi* that if the Secretary has a certain prerogative in defining "extraordinary circumstances," deference will be given only when the first set of values promoted by § 660(a) is at stake, namely, internal agency efficiency. Where larger values are at stake reaching to the function of this court and the review relationship between the agency and the courts, any agency prerogative in defining this term ceases.

■ Applying this reasoning, we hold that this is not a proper case to defer to any implicit or explicit determination by the Secretary of Labor that extraordinary circumstances exist.[2] This case differs decisively from *Salfi* and its progeny because here the issue for decision is whether the interpretation or application of an agency regulation, not its governing statute, meets due process requirements. *See S&H Riggers & Erectors, Inc. v. OSHRC*, 659 F.2d 1273 (5th Cir. 1981) (companion case). The issue is therefore squarely within the powers of the Commission to decide.[3] It would thus disserve one of the purposes of requiring objection before the agency for us to excuse the § 660(a) requirement, namely, providing the agency "an opportunity to correct its own errors." Because this purpose implicates concerns larger than the internal efficiency of the agency, it is not one that may be "waived" by the agency.

■ Finally, we reexamine in the light of this expanded reasoning whether in fact there are extraordinary circumstances in this case. We held in the principal opinion that the probable futility of asking the Commission to reverse its recently adopted position rejecting industry practice as controlling does not present an extraordinary circumstance. 659 F.2d at 1294. Brown & Root contends that this is contrary to the established rule in exhaustion cases. In *Baldwin Metals Co. v. Donovan*, 642 F.2d 768, 773 (5th Cir. 1981), this court summarized that law as follows:

**2.** We need not decide whether the simple failure to raise § 660(a) would be sufficient to constitute an agency determination that extraordinary circumstances exist, *compare Salfi*, 422 U.S. at 767, 95 S.Ct. at 2467 (determination found in failure to dispute allegations in complaint), because in its response to Brown & Root's petition for reconsideration the agency expressly agrees that extraordinary circumstances exist.

**3.** This holding is not inconsistent with *Eldridge* where the Court found that a due process challenge to the agency's hearing procedures was preserved for review despite the failure to fully exhaust. First, *Eldridge* is not an agency "waiver" case but one in which the Court itself defined "final decision" and found the definition to have been met. Second, although the Court recognized that there was power in the agency to consider the due process challenge, it

> reasoned that "it is unrealistic to expect that the Secretary would consider substantial changes in the current administrative review system at the behest of a single aid recipient raising a constitutional challenge in an adjudicatory context. The Secretary would not be required even to consider such a challenge." 424 U.S. at 330, 96 S.Ct. at 900.

> We take the Court's emphasis on "in an adjudicatory context" to mean that the appropriate manner in which to request the change in the review system was through a request for rulemaking. By contrast, here, at issue is the constitutionality of an *interpretation* of a regulation that had been arrived at through adjudication, not the facial invalidity of a regulation. Therefore, the most appropriate manner in which to request the Commission to change its interpretation is through an adjudicatory case.

If resort to the prescribed administrative procedures would be futile or inadequate to prevent irreparable injury, or if blatant violations of constitutional or statutory rights have already occurred, the exhaustion of administrative remedies should not be required.

*Baldwin* and the cases it cites addressed the judicially constructed doctrine of administrative exhaustion. However, as the Supreme Court reasoned concerning the analogous statutory requirement of a final agency decision, the statutory codification of the agency objection requirement distinquishes the requirement from the classical exhaustion doctrine:

> The present case, of course, is significantly different from [traditional exhaustion law] in that a "final decision" [here, an objection before the Commission] is a statutorily specified jurisdictional prerequisite. The requirement is, therefore, ... something more than simply a codification of the judicially developed doctrine of exhaustion [or the normal requirement of preservation of error], and may not be dispensed with merely by a judicial conclusion of futility.

422 U.S. at 766, 95 S.Ct. at 2467. *Salfi* therefore supports by analogy our conclusion that the futility exception does not apply under § 660(a). Moreover, in an earlier case the Court spoke even more strongly to the precise futility argument made here:

> It is urged in this case that the Commission had a predetermined policy on this subject which would have required it to overrule the objection if made. While this may well be true, the Commission is obliged to deal with a large number of like cases. Repetition of the objection in them might lead to a change of policy, or, if it did not, the Commission would at least be put on notice of the accumulating risk of wholesale reversals being incurred by it persistence.

*U. S. v. L. A. Tucker Truck Lines*, 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952). These Supreme Court precedents compel our conclusion that the Commission's prior

rejection of Brown & Root's industry custom argument does not constitute an extraordinary circumstance.[4] *See NLRB v. Children's Baptist Home*, 576 F.2d 256, 262 (9th Cir. 1978) (same conclusion under the identical 29 U.S.C. § 160(e)).

It bears emphasis that here we are dealing with a case of only "probable" futility, that is, a case where the Commission is empowered to accept the omitted argument but is unlikely to do so. Where the Commission would be without power or authority to act on the objection, however, an extraordinary circumstance might exist. *See NLRB v. Robin America*, 667 F.2d 1170 (5th Cir., 1982) (on petition for rehearing) (under 29 U.S.C. § 160(e), that omitted objection was contrary to then existing Fifth Circuit law excuses failure to raise).

The petition for rehearing is GRANTED, the opinion of the Court is modified, and the judgment of the district court is AFFIRMED. No member of the panel nor Judge of this Administrative Unit in regular active service having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16; Fifth Circuit Judicial Council Resolution of January 14, 1981), the suggestion for rehearing en banc is DENIED.

4. For reasons discussed in note 3, *supra*, this holding is not contradicted by *Eldridge*.