IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50037
Summary Calendar
_____


PATRICK LAPAGLIA and
MARY HELEN LAPAGLIA,

                              Plaintiffs-Appellants,

                    versus

MARGARET RICHARDSON, ET AL.,

                              Defendants-Appellees.

_____

          Appeal from the United States District Court for
                  the Western District of Texas
                         (94 CV 251)
_____
                     August 24, 1995

Before REAVLEY, HIGGINBOTHAM and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Patrick and Mary Helen Lapaglia sued the Internal Revenue

Service (the "IRS") and some of its employees for fraudulent

misrepresentation, negligence and malicious conduct.  The

district court dismissed the action for lack of jurisdiction.

_____

     [*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

The Lapaglias appeal contending jurisdiction was proper.  We affirm.

As the district court concluded, the Lapaglias' claims based on state law are barred by sovereign immunity.  <u>Williams v. Collins</u>, 728 F.2d 721, 727 (5th Cir. 1984).  The Federal Tort Claims Act does not provide a waiver of sovereign immunity to the Lapaglias because this Act specifically exempts suits "arising in respect of the assessment or collection of any tax . . . ."  28 U.S.C. § 2680; <u>see also</u> <u>Capozzoli v. Tracey</u>, 663 F.2d 654, 658 (5th Cir. 1981)(holding that section 2680 encompasses any activities remotely related to an IRS agent's official duties).

We also agree with the district court's conclusion that there is no jurisdiction for the Lapaglias' claims under 26 U.S.C. § 7433(d) because of their failure to first follow the administrative procedures described and required by 26 C.F.R. §301.7433 (1994).  The Lapaglias contend that correspondence between their attorney and the IRS and their "Claim for Refund and Request for Abatement" fulfilled the administrative requirements.  Section 301.7433-1 provides specific and straightforward instructions as to the appropriate steps to take before filing suit in district court.  Neither the correspondence nor the claim form fulfilled these requirements.

AFFIRMED.