# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60887

BASIC ENERGY SERVICES,

Petitioner,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION;
THOMAS E. PEREZ, SECRETARY, DEPARTMENT OF LABOR,

Respondents.

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2016

Lyle W. Cayce
Clerk

Petition for Review of an Order of the
Occupational Safety and Health Review Commission
OSHRC No. 14-542

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

PER CURIAM:*

This is a petition for review relating to two workplace safety violations. The Occupational Safety and Health Administration ("OSHA") cited Basic Energy Services ("Basic") for violations of 29 C.F.R. §§ 1910.24(b) and 1910.23(c)(1) at a mobile well-servicing rig. Section 1910.24(b) requires fixed stairs between platforms, and § 1910.23(c)(1) requires guardrails for elevated

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60887

platforms. Basic argues that the Administrative Law Judge ("ALJ"), whose decision the Occupational Safety and Health Review Commission (the "Commission") declined to review, erroneously applied both regulations to Basic's mobile rig. For the following reasons, we DENY the petition for review.

## I. BACKGROUND

Basic operates mobile rigs that provide maintenance and upkeep for oil and gas wells. These rigs may travel as vehicles on highways from one well to another. At a particular well, the rigs transform into structures with multiple adjustable platforms, which can be connected by adjustable metal stairs. Removable guardrails protect workers from falling off elevated platforms.

On September 23, 2013, a five-man crew was operating a Basic well-servicing rig in Hawkins, Texas. OSHA inspector Ruth Solis-Lewis observed the crew pulling pipe out of a well and photographed this activity from a parking lot nearby. These photographs show that the crew had placed guardrails only around part of the upper platform. According to Solis-Lewis's measurement, this platform was almost seven feet high. Solis-Lewis also observed a set of stairs leading from the ground to the lower platform but no stairs from the lower to the upper platform.

Based on Solis-Lewis's observations, OSHA cited Basic for violations of 29 C.F.R. §§ 1910.24(b) and 1910.23(c)(1). These regulations are part of OSHA's Walking-Working Surfaces standard, which "applies to all permanent places of employment, except where domestic, mining, or agricultural work only is performed."[1] 29 C.F.R. § 1910.22. Under § 1910.24(b), "fixed stairs" are required "for access from one structure level to another where operations necessitate regular travel between levels." The regulation does not define

---

[1] Basic does not contest the ALJ's finding that the well-servicing rig is a permanent place of employment within the meaning of the standard.

"fixed stairs." OSHA cited Basic for lacking fixed stairs between platforms. Section 1910.23(c)(1) requires that "[e]very open-sided floor or platform 4 feet or more above adjacent floor or ground level . . . be guarded by a standard railing . . . on all open sides except where there is entrance to a ramp, stairway, or fixed ladder." OSHA cited Basic under § 1910.23(c)(1) for lacking guardrails around part of the work platform.

Basic challenged these citations. A trial took place before ALJ Peggy Ball on March 31 and April 1, 2015. ALJ Ball found that §§ 1910.24(b) and 1910.23(c)(1) apply to mobile well-servicing rigs like Basic's and affirmed both citations. She rejected Basic's affirmative defenses that compliance with the guardrail regulation was infeasible and would have presented a greater hazard. ALJ Ball also found that the fixed stairs violation was serious, and that the guardrail violation was a repeat violation. Based on these findings, she assessed penalties in the amount of $5,500 for the fixed stairs violation and $38,500 for the guardrail violation.

Basic then petitioned the Commission for discretionary review. Basic raised five arguments before the Commission: (1) Section 1910.24(b) did not apply to Basic's mobile rig; (2) the term "fixed stairs" used in § 1910.24(b) requires permanent attachment, clearly inappropriate for a mobile rig; (3) compliance with the guardrail requirement would have been infeasible or more hazardous than noncompliance; (4) Basic was not a repeat violator; and (5) insufficient evidence supported the ALJ's decision. The Commission denied review, and the ALJ's order became a final order of the Commission under 29 U.S.C. § 661(j). This petition for review followed.

## II. DISCUSSION

Under 29 U.S.C. § 660(a), a party may seek review of a Commission order in the "court of appeals for the circuit in which the violation is alleged to have occurred." Because the alleged violations took place in Texas, this Court has

jurisdiction. We review the Commission's legal conclusions "for whether they are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" *Sanderson Farms, Inc. v. Perez*, 811 F.3d 730, 734–35 (5th Cir. 2016) (quoting *Austin Indus. Specialty Servs., L.P. v. Occupational Safety & Health Review Comm'n*, 765 F.3d 434, 438–39 (5th Cir. 2014) (per curiam)). The Commission's factual findings are conclusive if they are supported by substantial evidence. 29 U.S.C. § 660(a). We defer to the Secretary of Labor's interpretation of OSHA regulations, reviewing the interpretation only "to assure that it is consistent with the regulatory language and is otherwise *reasonable*." *Trinity Marine Nashville, Inc. v. Occupational Safety & Health Review Comm'n*, 275 F.3d 423, 427 (5th Cir. 2001) (quoting *Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144, 156 (1991)).

## A.   Application of the Fixed Stairs Regulation

Basic makes two arguments on appeal for why the fixed stairs regulation does not apply to its mobile rig: (1) applying this regulation to mobile rigs creates an absurd result; and (2) the rig falls into the exception for "articulated stairs," 29 C.F.R. § 1910.24(a).

### 1. Absurd Result

According to Basic, the word "fixed" in the fixed stairs regulation means "permanently attached." Because stairs cannot be permanently attached to Basic's mobile rig, the company argues, it would be absurd to apply the regulation in this context. The Secretary interprets "fixed" as "attached in some way to prevent movement." According to Angel Guerrero, who worked on the rig in question, Basic's stairs are hooked onto the rig platform and are stable enough to walk on. Thus, the Secretary's interpretation of "fixed" does

4

not lead to an absurd result; it merely describes the stairs Basic already uses. The merits of Basic's argument depends on which interpretation controls.

This Court must defer to the Secretary's interpretation of "fixed stairs" as long as "it is consistent with the regulatory language and is otherwise *reasonable." Trinity Marine*, 275 F.3d at 427 (quoting *Martin*, 499 U.S. at 156). Interpreting "fixed" in § 1910.24(b) as "attached in some way to prevent movement" is reasonable for several reasons. First, the Secretary's interpretation of "fixed" accords with its plain meaning. *See, e.g.*, *Fixed*, *Webster's New Collegiate Dictionary* (1975) (defining "fixed" as "1 a: securely placed or fastened"); *Fixed, Random House Webster's Unabridged Dictionary* (2d ed. 2001) (defining "fixed" as "1. fastened, attached, or placed so as to be firm and not readily movable; firmly implanted; stationary; rigid").[2]

Second, the Secretary's interpretation serves the purpose of the Occupational Safety and Health Act: "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions." 29 U.S.C. § 651(b). It does so by ensuring that § 1910.24(b) protects workers on well-servicing rigs from the hazards of jumping between platforms. Basic's preferred interpretation, by contrast, would not require any stairs or ladders on mobile rigs, notwithstanding their safety benefits.

Third, the Secretary has applied the fixed stairs regulation to mobile well-servicing rigs before. *See, e.g.*, *Poole Co. Tex. Ltd.*, 19 BNA OSHC 1317 (No. 99-0815, 2000) (ALJ); *Well Sols., Inc.*, 15 BNA OSHC 1718 (No. 89-1559, 1992). In *Poole*, for example, the Secretary cited a rig for featuring stairs without handrails, also required by the fixed stairs regulation. 19 BNA OSHC 1317. Like Basic, Poole argued that the regulation should not apply because

---

[2] Basic's interpretation also appears in the dictionary: the fourth definition of "fixed" in *Random House Webster's Unabridged Dictionary* is "definitely and permanently placed." *Fixed, Random House Webster's Unabridged Dictionary, supra.*

"the stairs were not permanently attached to the mobile rig." *Id.* The ALJ rejected this argument, finding that the stairs only need to be "secured to the platform to prevent their movement while in [use]." *Id.* Likewise, in *Delta Drilling Co. v. Occupational Safety & Health Review Commission*, this Court affirmed the Commission's application of the fixed stairs regulation to mobile well-servicing rigs. 91 F.3d 139 (5th Cir. 1996) (per curiam) (unpublished table decision). Thus, Basic had notice that § 1910.24(b) applied to its rig.

Basic's arguments against the Secretary's interpretation are unavailing. Basic primarily argues in favor of its own interpretation of "fixed" as "permanently attached." This interpretation draws from the Walking-Working Surfaces standard's definition of "fixed ladder": "a ladder *permanently attached* to a structure, building, or equipment." 29 C.F.R. § 1910.21(e)(2) (emphasis added). Basic's argument on this point comports with the canon of statutory interpretation that "identical words used in different parts of the same act are intended to have the same meaning." *Sullivan v. Stroop*, 496 U.S. 478, 484 (1990) (quoting *Sorenson v. Sec'y of Treasury*, 475 U.S. 851, 860 (1986)). Admittedly, the Secretary's interpretation appears inconsistent with the standard's definition of "fixed ladder." But the "fixed ladder" definition itself does not even apply to the section pertaining to the fixed stairs regulation. *See* 29 C.F.R. § 1910.21(e) ("*As used in § 1910.27*, unless the context requires otherwise, fixed ladder terms shall have the meanings ascribed in this paragraph." (emphasis added)). Moreover, Basic fails to explain why its inconsistency argument renders the Secretary's plain meaning unreasonable. If the Court were interpreting "fixed stairs" on a blank slate, Basic's argument would carry more weight. But the Court must defer to the Secretary's reasonable interpretation, even if it is not the best interpretation.

Basic also points to a Commission case affirming an ALJ who dismissed a fixed stairs citation of a tool trailer. *Jess Howard Elec. Co.*, 1976–1977 CCH

OSHD ¶ 20,809 (No. 15546, 1976) (ALJ). The ALJ in *Jess Howard* explained that the tool trailer "was a mobile vehicle. For that reason an allegation of violation of a standard which requires 'fixed industrial stairs' as a means of access to a 'structure' cannot be sustained. Something that is fixed is not movable." *Id.* (citation omitted). *Jess Howard* is easily distinguishable: tool trailers are a far cry from multi-platform structures like mobile well-servicing rigs. *Longhorn Service Co.*, a case cited by the Secretary, is more on point: there, an ALJ essentially adopted Basic's interpretation of "fixed stairs" and held that § 1910.24(b) was therefore inapplicable to mobile well-servicing rigs. 25 BNA OSHC 1572 (No. 13-1458, 2015) (ALJ), *rev'd in part on other grounds*, 652 F. App'x 678 (10th Cir. 2016). We need not defer to that ALJ decision, however; it is the Secretary's interpretations that warrant deference, not the Commission's or an ALJ's. *Martin*, 499 U.S. at 156.

Because the Secretary's interpretation of "fixed" is reasonable, we must defer to it. Under the Secretary's interpretation, it is not absurd to apply the fixed stairs regulation to mobile well-servicing rigs. Accordingly, we reject Basic's argument that applying § 1910.24(b) to Basic's rig yields an absurd result.

### 2. *Articulated Stairs Exception*

The fixed stairs regulation "does not apply . . . to articulated stairs, such as may be installed on floating roof tanks or on dock facilities, the angle of which changes with the rise and fall of the base support." 29 C.F.R. § 1910.24(a). Basic argues for this exception because its "well-servicing rig has several sections that independently articulate." The ALJ rejected this argument, noting that "it seems clear that [the stairs] are rigid."

Basic and the Secretary advance different interpretations of the exception: Basic suggests that articulated platforms trigger the exception, while the Secretary argues that the stairs themselves must articulate. It is

clear from the text that the exception only applies to stairs that move in relation to platforms, such as stairs that rest on water. Thus, the Secretary's interpretation "sensibly conforms to the purpose and wording" of the fixed stairs regulation. *Martin*, 499 U.S. at 151 (quoting *N. Ind. Pub. Serv. Co. v. Porter Cty. Chapter of Izaak Walton League of Am., Inc.*, 423 U.S. 12, 15 (1975)). Under the Secretary's reasonable interpretation, the articulated stairs exception does not cover Basic's mobile rig. Therefore, we agree with the ALJ's conclusion that the fixed stairs regulation applies to Basic's rig.

## B.    Application of the Guardrail Regulation

Basic next argues that the guardrail regulation does not apply to its mobile rig. Basic did not raise this argument before the Commission; it merely argued that compliance with § 1910.23(c)(1) was infeasible and presented a greater hazard. For this reason, the Secretary contends that the argument is waived under 29 U.S.C. § 660(a), which states: "No objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." While we do not require "great specificity" in a petition for review before the Commission, we may "not consider an argument unless the Commission has been 'alerted to the issues.'" *Power Plant Div., Brown & Root, Inc. v. Occupational Safety & Health Review Comm'n*, 659 F.2d 1291, 1294 (5th Cir. Unit B Oct. 1981), *reh'g granted, opinion modified*, 673 F.2d 111 (5th Cir. Unit B 1982); *see also P. Gioioso & Sons, Inc. v. Occupational Safety & Health Review Comm'n*, 115 F.3d 100, 107 (1st Cir. 1997) ("In an OSHA case, an objection is not 'urged' in the requisite sense (and will not be deemed preserved for judicial review) unless the [petition for discretionary review] conveys the substance of the objection face up and squarely, in a manner reasonably calculated to alert the Commission to the crux of the perceived problem."). Basic failed to alert the Commission to the argument it

No. 15-60887

raises on appeal: that the guardrail regulation does not apply to its mobile rig. Nor does the company plead extraordinary circumstances. Therefore, under 29 U.S.C. § 660(a), we cannot consider this argument.

### III. CONCLUSION

For the foregoing reasons, the petition for review is DENIED.