# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2022

Lyle W. Cayce
Clerk

No. 22-60131
Summary Calendar

Gregory Courtney,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-589

Before Stewart, Duncan, Wilson, *Circuit Judges*.

Per Curiam:*

In this appeal arising from a taxpayer liability dispute, Gregory Courtney ("Courtney") appeals the district court's order granting the Government's motions to dismiss. Because we hold that the district court

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60131

lacked subject matter jurisdiction over this matter and the Anti-Injunction Act ("AIA")[1] prevents equitable relief, we affirm.

## I.    Background

From 2000 to 2004, Courtney was an engineer for Shell Deepwater Development, Inc. ("Shell"). At Shell, he was responsible for approving expenses related to offshore oil well services. On or around April of 2000, Courtney took control of Mercury Equipment and Services Inc. ("MES"). MES was an oil field related company that contracted with Shell. Courtney began using the MES account to pay his personal expenses and then directed Shell to reimburse MES for those payments, under the guise of Shell's payment for MES's services. In sum, Courtney misappropriated at least $1.3 million from Shell between 2000 to 2004. Moreover, he failed to report any of these payments as income when filing taxes in 2001, 2002, and 2003.

The Government indicted Courtney in 2008 for one count of income tax evasion for the 2001 tax year and one count of mail fraud for a fraudulent invoice that he submitted to Shell in 2004.[2] Courtney pled guilty to both counts. And in 2009, the court sentenced him to pay roughly $1.8 million of restitution. The IRS was entitled to approximately $500,000 of the $1.8 million restitution award and the remaining $1.3 million was allocated to Shell. The district court ordered Courtney to pay restitution at a rate of $1,000 per month, subject to increases or decreases depending on his ability to pay. The order also provided that each non-federal recipient would be paid restitution first. Consequently, the IRS's 2012 Notice of Deficiency

---

[1] Prohibition of Suits to Restrain Assessment or Collection, 26 U.S.C. § 7421 *et seq.* (2018).

[2] The original indictment consisted of three counts of income tax evasion in violation of 26 U.S.C. § 7201. However, a superseding indictment dropped two of the income tax evasion counts and added the mail fraud count.

informed Courtney that all restitution payments were being allocated to Shell and not the IRS. After appealing the Notice of Deficiency, Courtney was left with a total of over $1.4 million owed to the IRS for the 2001 tax year and about $800,000 for subsequent years that he failed to pay income taxes.

The IRS has taken multiple measures in attempting to collect restitution from Courtney. These measures include a 2009 levy on Courtney's personal individual retirement account, a notice of a federal tax lien on all real property and other assets, and an attempt to seize assets from an irrevocable trust which benefits his wife and children. Additionally, the IRS pursued collections against two limited liability companies that were affiliated with Courtney—LLOG Program 2007-2008, L.L.C. ("LLOG") and Oil & Gas Consultants E & P, L.L.C. ("OGC"). The IRS issued a Notice of Intent to Levy to LLOG, and successfully levied over $50,000 from the business checking account of OGC.

In September 2021, Courtney filed suit against the Government in the federal district court for the Southern District of Mississippi. Courtney pursued three forms of relief. First, he sought damages for the collection actions filed again him. Second, he sought an accounting of all funds that the IRS collected from him and how they were applied. And third, he sought an injunction barring further collection actions against him and preventing the IRS's continued collection efforts against LLOG, OGC, and the irrevocable trust.

The Government moved to dismiss Courtney's complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), countering with its own three claims regarding damages. First, it contended that Courtney failed to exhaust administrative remedies prior to filing his complaint. Second, that Courtney failed to identify any relevant law that the Government violated. And third, that Courtney lacked standing to challenge the levies listed in his

complaint. It then argued that Courtney's request for injunctive relief could not be maintained under the AIA because he sought only to restrain the collection of a federal tax.

Courtney contended that he should be excused from the exhaustion requirement on futility grounds due to the lack of communicativeness by the IRS prior to his filing his complaint. As to the injunction issue, Courtney claimed that he fell within the narrow exception recognized in *Enochs v. Williams Packing*, 370 U.S. 1 (1962) because he was certain the Government stood no chance of success on the merits and equitable jurisdiction otherwise existed.

The district court granted both of the Government's motions on grounds that it lacked subject matter jurisdiction over the dispute because Courtney failed to exercise his administrative remedies. The district court further noted that Courtney's futility grounds were not an adequate excuse for circumventing exhaustion. The district court then rejected Courtney's request for an injunction because the AIA barred it and he did not qualify for the *Williams Packing* exception.

On appeal, Courtney argues that the district court erred in determining it lacked subject matter jurisdiction over his damages claim and in holding that his injunction request was barred by the AIA. We disagree.

## II.    Standard of Review

We review a district court's motion to dismiss for lack of subject matter jurisdiction de novo. *T. B. by & through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1050 (5th Cir. 2020). "We take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Id.* (quoting *Lane v. Haliburton*, 529 F.3d 548 (5th Cir. 2008)).

We review a district court's order granting a motion to dismiss for failure to state a claim de novo. *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020). "We accept all well-ple[d] facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019). "However, those facts, taken as true, [must] state a claim that is plausible on its face." *Id.* (quoting *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### III.    Discussion

*A. Subject Matter Jurisdiction*

Section 7433(a) of the Internal Revenue Code provides that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

*See* 26 U.S.C. § 7433(a). This provision operates as a Congressional waiver of sovereign immunity for taxpayers seeking damages against the IRS. However, this section provides that "a judgment for damages shall not be awarded. . . unless the court determines that the plaintiff has exhausted the administrative remedies available." 26 U.S.C. § 7433(d). 26 C.F.R. § 301.7433 stipulates the requirements to successfully exhaust administrative remedies. *See Glass v. United States*, 71 F. App'x 442, 442 (5th

Cir. 2003) (noting that plaintiffs must "file an administrative claim and wait six months before bringing an action in district court. The claim must be in writing and signed by the taxpayer or his authorized representative and must state: the taxpayer's name and address; the grounds for the claim; a description of injuries; and the dollar amount of the claim").

We must dismiss suits on jurisdictional grounds if a taxpayer fails to comply with these "specific and straightforward instructions." *Lapaglia v. Richardson*, 68 F.3d 466, 466 (5th Cir. 1995); *see also Glass*, 71 F. App'x at 442 (holding that "when a plaintiff suing the United States has failed to satisfy the terms of a waiver provision, the court lacks jurisdiction").

Plaintiffs may survive a failure to exhaust administrative remedies "only in extraordinary circumstances." *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1127 (5th Cir. 1992). Such circumstances can arise when administrative exhaustion would be futile. *Id.* at 1126–27. However, this court has held that discretion to circumvent exhaustion "is severely limited" when exhaustion is a statutory requirement of relief. *Id.* at 1126. We have also held that an agency should generally be afforded the opportunity to "correct its own errors." *Power Plant Div., Brown & Root, Inc. v. Occupational Safety & Health Rev. Comm'n*, 673 F.2d 111, 114 (5th Cir. 1982). Consequently, where an agency is "empowered to accept" a plaintiff's claim, "probable futility" is an inadequate ground for circumventing exhaustion requirements. *Id.* at 114–15.[3]

First, we address Courtney's claim that the district court erred in declaring it lacked subject matter jurisdiction because he failed to exhaust all administrative remedies. While Courtney concedes that he failed to file an

---

[3] *See Power Plant*, 673 F.2d at 115 (Noting that "where the [agency] would be without power or authority to act. . . an extraordinary circumstance might exist.").

administrative claim in accordance with the requirements set forth in 26 C.F.R. § 301.7433–1(e), he contends that this was excusable because the Government effectively foreclosed his access to administrative remedies by continuously refusing to work with him. Otherwise put, Courtney claims the Government rendered his efforts futile.

Both parties primarily rely on *Information Resources, Inc. v. United States* in arguing futility. 950 F.2d 1122. There, Information Resources sued the Government to recover damages for allegedly erroneously filing tax liens and for failure to issue timely release of those liens. *Info. Res.*, 950 F.2d at 1122. The court noted that "the administrative procedure. . . is normally adequate," but the IRS was wholly responsible for its inadequacy by placing the liens on Information Resources, only to remove them before it could bring a claim. *Id.* at 1126. Moreover, Information Resources went as far as reaching out to the IRS "in an attempt to ascertain the proper procedures to follow." *Id.* The court reasoned that Information Resource's intentional outreach demonstrated a good faith effort to comply with the administrative procedural requirements. Ultimately, the court held that "[r]equiring Information Resources to exhaust the administrative procedures would be a useless formality" because the only remedy that the IRS could provide was release of the liens, which it had already done. *Id.* Thus, the remaining remedy for Information Resources was the right to file suit for damages against the IRS. *Id.*

Here, the evidence demonstrates that Courtney cannot maintain a futility argument to evade 26 U.S.C. § 7433(a)'s procedural requirements. Courtney contends that the IRS has been unresponsive, difficult to work with, and disingenuous of previous arrangements agreed upon by the parties. While all of this may be true, it carries no legal significance as to whether he must exhaust his administrative remedies in accordance with statutory law. As *Information Resources, Inc. v. United States* demonstrates, Courtney only

succeeds on his futility argument if he can prove that the IRS's conduct rendered his administrative remedies a "useless formality." *Id.* at 1126. Nothing in the record suggests that the Government has stopped attempts to seize funds from the irrevocable trust fund, removed any liens from Courtney's real or personal property, or forgiven any of the tax debt that he owes to the IRS. Moreover, Courtney has failed to make any good faith efforts to comply with § 7433(a)'s procedures—ignoring its clear procedural mandates and instead prompting the exact type of litigation the provision contemplates avoiding. To be clear, the procedural requirements here are not useless because there are remedies the IRS can provide if Courtney files an administrative claim. Because the Government has not rendered Courtney's administrative remedies futile, we affirm the district court's holding that it lacked jurisdiction over his claims for damages under § 7433(a).

## *B. Injunctive Relief*

We now turn to whether the AIA bars Courtney's claim for injunctive relief. We conclude that it does. The AIA provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421. The Supreme Court has interpreted this provision to protect the Government's "need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974) (internal citation and quotations omitted). "In considering a suit's purpose, we inquire not into a taxpayer's subjective motive, but into the action's objective aim—essentially, the relief the suit requests." *CIC Servs., L.L.C. v. Internal Revenue Serv.*, 141 S. Ct. 1582, 1589 (2021).

No. 22-60131

In *Enochs v. Williams Packing*, the Supreme Court carved out a narrow exception to the AIA, which applies only if "(1) it is clear that under no circumstances could the Government ultimately prevail. . . [and] (2) equity jurisdiction otherwise exists." 370 U.S. at 7. The first prong requires that the plaintiff have a "certainty of success on the merits." *Bob Jones Univ.*, 416 U.S. at 737. Additionally, our evaluation at the first stage requires that we provide the "most liberal view of the law and the facts" to the Government. *Williams Packing*, 370 U.S. at 7. The second prong requires the plaintiff to prove that equity jurisdiction exists. To do so, a plaintiff must show that irreparable harm will occur absent an injunction, "that is, harm for which there is no adequate remedy at law." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013).

Preliminarily, we must evaluate whether the Government is correct in asserting that Courtney's request for an injunction falls within the purview of the AIA. We hold that it is. Objectively, Courtney's suit requests prevention of the collection of taxes by the Government. *See CIC Servs.*, 141 S. Ct. at 1589. Regardless of how temporary Courtney's request is, the nature of it is expressly contemplated and barred by the AIA. *See* 26 U.S.C. § 7421(a). Since Courtney cannot avoid the AIA, he must prove that his request fits within the narrow *Williams Packing* exception.

On appeal, Courtney argues that he satisfies the first prong because he has pled that the IRS improperly levied funds from his company, retirement plan, and continues to seek information and seize assets from an irrevocable trust created for his family. Moreover, he argues that he satisfies this prong by the very fact that he has made these allegations and because the IRS has failed to refute the allegations. He relies on *C.I.R. v. Shapiro*, to assert that the Government bears the burden of proving that the allegations in his complaint are wrong. 424 U.S. 614.

In that case, the IRS asserted that Shapiro earned substantial unreported income and seized his assets because he was scheduled for imminent extradition to Israel. *Id.* He sought to enjoin the Government's seizure, relying on the *Williams Packing* exception. He argued that he did not actually owe any taxes, thus was certain to succeed on the merits, and that he was entitled to equitable jurisdiction because he needed the seized funds to make bail in Israel. Shapiro submitted discovery requests to discern the basis for the IRS's claim that he owed additional taxes. *Id.* at 620. In response, the Government provided a notice of deficiency explaining that the additional taxes owed stemmed from Shapiro's alleged narcotics transactions. *Id.* at 621. The Government declined to cooperate with any other discovery requests, declaring them premature. *Id.* Ultimately, the Supreme Court held that taxpayers must know the basis for the IRS's assessment of taxes in order for district and appellate courts to properly evaluate whether the plaintiff can show "that the Government will certainly be unable to prevail." *Id.* at 626–27. Accordingly, while the taxpayer still bears the "ultimate burden" of persuading the district court that "the Government will under no circumstances prevail," the Government necessarily has "some obligation to disclose the factual basis for its assessments," so that the taxpayer may properly make its case. *Id.* at 626–28.

Here, both parties stipulate that the Government must prove LLOG, OGC, or the irrevocable trust have a sufficient relationship to Courtney for the Government to lawfully collect funds from these entities. Moreover, both parties stipulate that this is a fact-intensive inquiry that requires an analysis of the relationship between Courtney and each entity. However, Courtney misapplies *Shapiro* in arguing that the Government must prove that it legally sought collection from LLOG, OGC, or the irrevocable trust. Such would be the case if the Government was in sole possession of the information pertaining to the relationship between Courtney and the entities, but it is not.

No. 22-60131

On the contrary, Courtney is in sole possession of the information detailing the relationship of these businesses and the irrevocable trust. Moreover, he has not submitted any discovery requests and the Government has not obstructed his ability to prove that LLOG, OGC, or the irrevocable trust are not connected to him.

On this record, Courtney has failed to plead enough facts to prove with certainty that the Government will be unable to prevail under any circumstance, so he does not qualify for the *Williams Packing* exception. *Williams Packing*, 370 U.S. at 7. Furthermore, our analysis of the second prong is unnecessary because relief may only be granted upon satisfying both requirements. *Id.*

The district court properly dismissed Courtney's claim for lack of subject matter jurisdiction. *T. B. by & through Bell*, 980 F.3d at 1050. It also properly barred his injunction request in accordance with the AIA. *Calogero*, 970 F.3d at 580.

## IV.    Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment in full.